(No. 12163.—Judgment affirmed.)

THE PEKIN COOPERAGE COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(HENRY RASOR,
Defendant in Error.)

*Opinion filed October 21, 1918.*

1. WORKMEN'S COMPENSATION—*extent to which Supreme Court
can consider the evidence.* In a Workmen's Compensation case the
Supreme Court's consideration of the evidence is limited to the in-
quiry whether the record contains competent evidence to sustain
the award, and if so, the weight of the evidence to the contrary
will not be considered.

2. SAME—*the Compensation act does not cover all accidental in-
juries.* The Compensation act was not intended to provide compen-
sation for all accidental injuries to employees during the course of
their employment, but it must also appear that the injury arose out
of the employment, so that there is some causal connection between
the employment and the injury.

3. SAME—*when injury in a fight arises out of the employment.*
An injury to an employee in a fight with another employee grow-
ing out of a quarrel over the manner of conducting the employer's
business arises out of the employment, and if the evidence tends
to show that the injured employee was not responsible for the as-
sault an award by the Industrial Commission will be upheld.

WRIT OF ERROR to the Circuit Court of Peoria county;
the Hon. CLYDE E. STONE, Judge, presiding.

FYFFE, RYNER & DALE, for plaintiff in error.

KIRK & SHURTLEFF, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Henry Rasor received an injury while at work for the
Pekin Cooperage Company, for which an award was made
in his favor by an arbitrator under the Workmen's Com-
pensation act, which was confirmed by the Industrial Com-
mission. A writ of *certiorari* sued out of the circuit court
of Peoria county was quashed on motion of the respond-
ents, and the judge of that court having certified that the

cause was one proper to be reviewed by the Supreme Court, a writ of error was sued out for that purpose.

The question is whether Rasor's injury, which was received in the course of his employment, arose out of his employment, and it has been argued as if we were to determine it from the weight of the evidence. Our consideration of the evidence is limited to the inquiry whether the record contains competent evidence to sustain the award. If the evidence in favor of the applicant sustains the award, the weight of the evidence to the contrary will not be considered by the reviewing court. The determination of the facts upon contradictory evidence by the Industrial Commission is final.

On December 26, 1916, the Pekin Cooperage Company was engaged in the cooperage business in Peoria. Rasor was engaged in picking out or culling barrel staves for another employee who was known as a "barrel raiser," whose duty it was to make the barrels. George A. Miller was culling staves a few feet from Rasor for another barrel raiser. It was the duty of each culler to cull staves for his barrel raiser, and in case his rack ran out of staves it was customary for the culler to take staves from another culler's rack. Miller had been taken from the half-barrel department and put to culling staves in the afternoon and had been working about half an hour when the injury happened. He had taken a half-pint bottle of whisky with him to the plant in the morning, from which he had taken two or three drinks, and he had about half the whisky left. Shortly after the injury the superintendent sent Miller home because he was drinking on the job. Miller had gone to another part of the building a few minutes, and when he returned he took some staves from Rasor's rack and put them in his own. Rasor objected to this in language which was offensive and a fight ensued, the details of which are clouded in the obscurity which usually attends such occurrences. There is evidence tending to show, and which would justify the con-

clusion, that Miller was the aggressor throughout and that Rasor did no more than defend himself. Rasor's claim is for injuries received in this encounter.

Rasor clearly suffered an accidental injury in the course of his employment. It was a sudden and unexpected mishap occurring outside of the usual course of events without any design on his part while he was engaged at his work. The compensation to be provided and paid by the employer under the Workmen's Compensation act is not, however, for all accidental injuries which may be sustained by his employees in the course of their employment but only for such as also arise out of the employment. There must be some causal relation between the employment and the injury. It is not necessary that the injury be one which ought to have been foreseen or expected, but it must be one which after the event may be seen to have had its origin in the nature of the employment. The courts administering compensation laws similar to ours do not disagree upon the interpretation of the law, but in the great variety of circumstances which they are called upon to review it is frequently difficult to make the application to the facts. In *Armitage* v. *London and Western Railway Co.* 86 L. T. 883, (a case under the English Workmen's Compensation act,) two boys, fellow-workmen of the claimant, were "larking" and one pushed the other into a pit. The latter in anger threw a piece of iron at the former but missed him and injured the claimant, who was engaged at his work. It was held that the act had no relation to the employment but was an intentional wrongful act and was not a risk of the employment. In *Baird* v. *Burley,* 45 Scott. L. R. 416, the claimant, who was working in a coal mine, was pursuing a fellow-workman to prevent him from carrying off a hutch. The latter threw some rubbish, and the former, in seeking to avoid it, struck his head against the side of the passage. It was held the accident was caused by the act of a fellow-workman outside the scope of his employment and that the

285 – 3

claimant was therefore not entitled to compensation. In *Murphy* v. *Berwick,* 43 Ir. L. T. 126, a customer came out of the bar of a hotel into the kitchen, which adjoined it, and made a rush at the cook, who in trying to avoid him threw her hand through a glass door and was injured, and it was held that the accident did not arise out of her employment. In New Jersey it was held that an employee is not entitled to compensation for an injury which was the result of horse-play or sky-larking, whether he instigated it or took no part in it. (*Hulley* v. *Moosbrugger,* 88 N. J. L. 161.) To the same effect is *Pierce* v. *Boyer Coal Co.* 99 Neb. 321. This is contrary to our decision in the case of *Pekin Cooperage Co.* v. *Industrial Board,* 277 Ill. 53. The death of a watchman in a mill, who was killed by a robber who concealed himself for the purpose of robbing the watchman and not the mill, was held not to arise out of his employment. (*Walther* v. *American Paper Co.* 89 N. J. L. 732.) On the other hand, in the following cases the injuries have been held to arise out of the employment: Where a premeditated assault was made upon a schoolmaster by unruly pupils, resulting in his death. (*Trim Joint School District Board* v. *Kelly,* [1914] A. C. 667.) Where an attack was made on a cashier traveling with a large amount of money. (*Nesbit* v. *Rayne & Beam,* [1910] 2 K. B. 689.) Where a workman was injured by lightning upon a high and unusually exposed scaffold. (*Andrew* v. *Failsworth Industrial Society,* [1904] 2 K. B. 32.) Where a workman was bitten by a cat habitually kept on the premises. (*Rowland* v. *Wright,* [1909] 1 K. B. 963.) Where a stone thrown by a boy at a locomotive injured the engineer. (*Challis* v. *London and Southwestern Railway Co.* [1905] 2 K. B. 154.) Where an assault by a fellow-workman on the claimant resulted from a struggle over a brush to be used in the work. (*McIntyre* v. *Rodgers & Co.* 41 Scott. L. R. 107.) Where a workman, whose duty it was to take care of the horses which he drove, objected to the amount

of cold water which a fellow-workman was throwing on the horses in washing them and was injured in a fight growing out of the quarrel. (*Heitz* v. *Ruppert,* 218 N. Y. 148.) Where a workman was killed while at work by an intoxicated fellow-workman, whose condition and habits were known to the superintendent. (*In re McNicol,* 215 Mass. 497.) Where a worker on a railroad section was not doing his work properly, and upon his neglecting to follow the foreman's directions the latter told him to drop his shovel and get his time, but the man refused and the foreman undertook to take his shovel from him and was injured. (*Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686.) In *Mueller Construction Co.* v. *Industrial Board,* 283 Ill. 148, we held that an injury to an employee who was struck and injured by an automobile in going across the street from his working place in the line of his duty, for the purpose of telephoning orders in furtherance of the business of his employer, arose out of the employment.

Each of the decisions cited was rendered upon a consideration of the facts of the particular case. Two cases are seldom precisely alike in their facts. Some, at least, of the cases cited are doubtful, and with the conclusions reached in some of them we do not agree. All concur in the rule that the accident, to be within the Compensation act, must have had its origin in some risk of the employment. No fixed rule to determine what is a risk of the employment has been established. Where men are working together at the same work disagreements may be expected to arise about the work, the manner of doing it, as to the use of tools, interference with one another, and many other details which may be trifling or important. Infirmity of temper, or worse, may be expected, and occasionally blows and fighting. Where the disagreement arises out of the employer's work in which two men are engaged and as a result of it one injures the other, it may be inferred that the injury arose out of the employment. The origin of this difficulty

was trifling,—the taking of a few staves from the claimant's rack, to which he objected, saying, as he testified, that if Miller would stay in there he would be up with the claimant. The dispute was concerning the employer's work in which the men were both engaged, and there is evidence tending to show that the claimant was not responsible for the assault.

The judgment will be affirmed.    *Judgment affirmed.*

Mr. JUSTICE STONE having heard this case in the circuit court took no part in its decision here.

---

(No. 12164.—Reversed and remanded.)
M. P. RICE, Exr., Appellee, *vs.* ELIZA ANN WINCHELL, Appellant.

*Opinion filed October 21, 1918.*