(No. 13141.—Judgment reversed.)

THE MARION COUNTY COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LORENZO BENVANUTA, Admr. Defendant in Error.)

*Opinion filed April 21, 1920.*

1. WORKMEN'S COMPENSATION—*there must be a causal connection between the employment and the injury.* An employer is liable to pay compensation for an accidental injury to his employee only when the injury is the result of an accident arising in the course of the employment and when there is a causal connection between the employment and the injury.

2. SAME—*when injury received in fight does not arise out of employment.* Where a miner employed to dig coal and load it on cars delivered to him by a driver begins a quarrel with the driver because he failed to deliver a car the day before and is killed in the ensuing fight, in which the miner was the aggressor, the injury does not arise out of the employment of the deceased and his administrator is not entitled to compensation.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. THOMAS E. FORD, Judge, presiding.

FRANK F. NOLEMAN, ROBERT E. WRIGHT, and JUNE C. SMITH, for plaintiff in error.

A. W. KERR, and F. H. KRUGER, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Joe Muzzarelli was killed by Roy Orison in the mine of the plaintiff in error, the Marion County Coal Company, where both were employed, and the administrator of Muz-

zarelli's estate made application under the Workmen's Compensation act for compensation for the death of his intestate. An arbitrator made an award and on a review by the Industrial Commission the award was confirmed. The record was removed to the circuit court of Marion county by writ of *certiorari* and the award was again confirmed and the writ quashed. On the petition of the coal company a writ of error was awarded by this court.

There was no controverted question of fact. Joe Muzzarelli was employed as a miner by the plaintiff in error and Roy Orison was a driver, delivering empty coal cars and hauling loaded cars away. In the room where Muzzarelli was employed machine men under-cut the coal with a machine, and Muzzarelli was a digger and loader of coal on the cars. In the morning of August 31, 1917, Orison, according to custom, brought an empty car to the entrance of Muzzarelli's room. The car had a chain in it, weighing thirty-five pounds, called a "cutter-head," which had been called for by the machine man, to be installed in the under-cutting machine. It was the duty of Muzzarelli to push the empty car to the face of the coal and the machine man was to remove the chain and install it. The loaders were paid according to the number of cars loaded, and the rule of the mine was that each loader should receive the same number of cars each day. At quitting time the day before, Muzzarelli had received one car less than the other loaders, and this car was delivered to him the first one in the morning. When Orison put the car for Muzzarelli in the switch at the entrance of the room, Muzzarelli came there and commenced cursing Orison and calling him vile names and said that he did not give him a fair turn the day before. While Muzzarelli was cursing Orison and calling him vile names he noticed the cutter-head in the car and said he did not want that car because there was a chain in it. Orison explained to him that he did not have to unload the cutter and that the machine men

in the room would do it. There was a sprag in a wheel of a car which had run off the track, and Orison went to that car and pulled the sprag out and shoved the car on the track and walked back to Muzzarelli's car with the sprag in his hand. Muzzarelli was still cursing him and repeating the vile epithets, when Orison said if he did not shut up he would hit him on the head with the sprag, which was a stick of wood. Muzzarelli came toward Orison and made a jump as if to grab him, when Orison struck him on the head with the sprag and killed him. The fact that the chain was in the empty car did not impose any duty on Muzzarelli or interfere in the slightest degree with his duties or service, but it was to be taken out by others for use in the under-cutting machine.

An employer is liable to pay compensation for an accidental injury to his employee arising out of and in the course of the employment, but he is only so liable when the injury is the result of an accident arising in the course of the employment and when there is a causal connection between the employment and the injury. There have been several cases where an injury has resulted from an assault when the employee was engaged in the performance of his duties so that the employment could be said to be the origin or cause of the accident and injury, and in each of those cases an award has been sustained. In *Ohio Building Safety Vault Co.* v. *Industrial Board,* 277 Ill. 96, the assault was upon a night watchman and was a natural incident of the employment and his duties, and the injury was regarded as resulting from the employment. In *Pekin Cooperage Co.* v. *Industrial Com.* 285 Ill. 31, the employee making the assault had taken staves from the rack of the injured employee and put them in his own and was the aggressor, while the injured employee did no more than to defend himself and was in no way responsible for the assault. In *Swift & Co.* v. *Industrial Com.* 287 Ill. 564, the court held that the evidence warranted a conclusion that the altercation

in which a steam-fitter was injured was not personal but grew out of matters connected with his work, and that he was not the aggressor. In *Chicago, Rock Island and Pacific Railway Co.* v. *Industrial Com.* 288 Ill. 126, where a locomotive boiler-washer was killed, the court concluded that there was a causal connection with the conditions under which the employee was required to perform his work and the consequent injury. None of these cases, in which the injured party was not the aggressor but was injured in the course of his employment, would justify upholding the award in this case, in which the quarrel was about a past event and in which Muzzarelli was the aggressor. His cursing and abuse of Orison were not in respect to anything being done at the time and had no relation or connection with the present work or present conditions. Muzzarelli was not performing any duty or protecting any property and was not hired to incite, begin or carry on a quarrel with Orison about the fact that it happened at the last delivery of empty cars the day before there was a car due him and it was not delivered until the next morning. There was no reason whatever for his conduct on account of the chain, which was properly delivered in the car for the machine runner in accordance with a request and was to be taken out by the machine runner and not by Muzzarelli. The interests of the employer were not being aided, protected or advanced in any manner by what Muzzarelli did, and the quarrel and consequent injury had no reasonable connection with any work then being done for the plaintiff in error.

The judgment of the circuit court is reversed and the award of the Industrial Commission set aside.

*Judgment reversed.*