CHICAGO—FIRST DISTRICT—JUNE, 1920.    345

Kelly-Atkinson Const. Co. v. Foreman Bros. B. Co., 218 Ill. App. 345.

Kelly-Atkinson Construction Company, Plaintiff in Error, v. Foreman Brothers Banking Company, Administrator of the Estate of Michael Cahill, Deceased, et al., Defendants in Error.

Gen. No. 24,907.

1. WORKMEN'S COMPENSATION ACT, § 2*—*what establishes acceptance of Compensation Act.* From the fact that at the time of an injury to an employee both his employer and the third person causing the injury had elected to be bound by the Workmen's Compensation Act and were engaged in hazardous occupations and that the employee had not elected to reject the act, it does not necessarily follow that the employee's injuries came under the act or that he would not have a common-law right of action against such third person.

2. WORKMEN'S COMPENSATION ACT, § 18*—*when Compensation Act applies.* To render the Workmen's Compensation Act applicable to injuries to an .employee by a third person, both of whom and the employer are under the act, the injury must be one for which, under all the circumstances surrounding it, compensation would be legally payable under the act.

3. WORKMEN'S COMPENSATION ACT, § 18*—*who has burden of establishing acceptance of Compensation Act.* Where, on a bill in equity to restrain· defendant from enforcing a judgment recovered in a common-law action to recover against a third person for the wrongful death of an employee, complainant sets up that he, the employee and employer were all subject to the Workmen's Compensation Act, complainant has the burden of establishing not only the applicability of the act to all of them, but also that the injury was an accidental injury; that it arose out of and in the course of intestate's employment; that the employment in which the intestate was employed when injured was not some nonhazardous branch of his employer's business; that the negligent acts of complainant causing the injury were not done in connection with some nonhazardous branch of its· business; that intestate was an employee within the meaning of the act and not a casual.

4. WORKMEN'S COMPENSATION ACT, § 12*—*what is extent of rule as to burden of proving application of Workmen's Compensation Act.* The rule that the burden of proof is on one who seeks relief under the Workmen's Compensation Act asserting that it applies and that compensation is payable under it, applies also to one seeking

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

to enjoin the enforcement of a judgment recovered in a common-law action on the ground that the injuries for which recovery was had came under such act.

5. WORKMEN'S COMPENSATION ACT, § 12*—*what evidence is admissible to show application of Compensation Act.* On a bill to enjoin the enforcement of a judgment recovered for personal injuries on the ground that such injuries came under the Workmen's Compensation Act, the circumstances surrounding the injury cannot be established by an investigator's written report to an insurance company nor by a letter from the injured person's employer to complainant nor by the testimony of an insurance investigator who was not present when the injury was received.

6. WORKMEN'S COMPENSATION ACT, § 12*—*what are effect of admissions in pleadings as to applicability of Compensation Act.* On a bill to enjoin the enforcement of a judgment recovered for personal injuries to an employee on the ground that the injuries came under the Workmen's Compensation Act, the admission in the answer that the employee was injured "while performing his duties as an employee" of the employer is not sufficient to bring the claim within the act, but complainant must also show the nonexistence of the other conditions which render the act inapplicable.

7. WORKMEN'S COMPENSATION ACT, § 11*—*how words of Compensation Act as to injury are construed.* In the Workmen's Compensation Act, the words "in the course of" relate to the circumstances under which the accident takes place, while the words "out of" are descriptive of the character or quality of the accident.

8. WORKMEN'S COMPENSATION ACT, § 11*—*when injury is within Compensation Act.* To render an accidental injury compensable under the Workmen's Compensation Act, it must not only have been sustained in the course of the employment, but must have arisen out of it.

9. WORKMEN'S COMPENSATION ACT, § 18*—*when Compensation Act does not apply.* The Workmen's Compensation Act does not apply to an injury received in a nonhazardous branch of the employer's business or, where a third person causes such injury, received in connection with a nonhazardous branch of such third person's business.

10. WORKMEN'S COMPENSATION ACT, § 14*—*what is effect of long employment as to Compensation Act.* That an employee is such within the meaning of the Workmen's Compensation Act and not a casual is not shown by proof that he had worked a long time for the one for whom he was working when injured.

11. WORKMEN'S COMPENSATION ACT, § 12*—*how question of whether injuries are within Compensation Act is determined.* The

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

question whether injuries to an employee are or are not within the Workmen's Compensation Act is not determined by the fact that he actually received some payments from the employer in the form of compensation under the act.

12. WORKMEN'S COMPENSATION ACT, § 18*—*when judgment under Compensation Act is not fraudulent.* On a bill to enjoin the enforcement of a judgment recovered against a third person for injuries to an employee on the ground that such injuries came under the Workmen's Compensation Act, evidence examined and *held* sufficient to support a finding that it was not fraud on the court on the part of the employee and his attorneys to secure such judgment after he had accepted payments from his employer under the act and had given a receipt in full for the damages occasioned by his injury, which receipt was not, however, shown to have been approved by the Industrial Board.

13. INJUNCTIONS, § 16*—*when failure to defend action is not excused.* On a bill to enjoin the enforcement of a judgment recovered for personal injuries, *held* that complainant had failed to establish by competent evidence any sufficient reason for its failure to defend the action or to move to vacate the judgment, and to warrant the trial court in concluding that the failure to make any defense was owing to complainant's failure to notify his insurer.

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed June 2, 1920. Rehearing denied June 17, 1920. *Certiorari* denied by Supreme Court (making opinion final).

ZANE, MORSE & McKINNEY, for plaintiff in error.

CHARLES LE ROY BROWN, for defendants in error.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

This was a bill in equity by the complainant, Kelly-Atkinson Construction Company, by which it was sought to restrain the defendant administrator from enforcing a judgment at law, which said administrator had recovered against it. By this writ of error, com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plainant seeks to reverse the decree dismissing its bill for want of equity.

It is alleged in the bill of complaint that the deceased, Cahill, was employed by the Ralph & Sumner Sollitt Company as a laborer, which company was engaged in constructing a tower house for the Pennsylvania Railroad Company. The complainant, Kelly-Atkinson Construction Company, was engaged in building a bridge across the Calumet River for said railroad company and, in so doing, employed a hoisting engine and tackle, near the tower house, and it was alleged that the deceased received the injuries there complained of, when a certain cable and block, which was being negligently used and operated by complainant, broke and struck him.

The suit at law having been regularly instituted and service had on the defendant and the latter having filed no appearance or plea, an order of default was entered on April 13, 1914. It would seem from the record that nothing further was done in the action at law until it was reached on the trial call, for judgment was rendered against the defendant October 19, 1916, on a verdict fixing the plaintiff's damages at $4,000.

The deceased suffered his injuries in October, 1913. His employer, Ralph & Sumner Sollitt Company, was insured against loss or damage to its employees, by the Employers' Liability Assurance Corporation, Ltd. During the several months succeeding his injuries, the deceased received several payments from the Employers' Corporation, signing receipts for the same. These receipts read in part, ''Receipt for compensation under Illinois Workmen's Compensation Act, Laws of 1913. * * * Received of Ralph & Sumner Sollitt Company the sum of * * * being that proportion of my weekly wages for the period * * * to which I am entitled under the above Act.'' Early in January, Cahill received his last payment from the Employers'

Corporation and signed a receipt or release acknowledging that he had received the amount then paid him together with all previous payments (a total of $93.10) "in full satisfaction and discharge of all claims accruing or to accrue in respect of all injuries or injurious results, direct or indirect, arising or to arise from" the accident in question. About a week later counsel for Cahill wrote the Kelly-Atkinson Company advising them that their client claimed damages from them for the injuries he had received. The Kelly-Atkinson Company was insured by the United States Fidelity & Guaranty Company to whom the communication just referred to was sent. Later the Employers' Corporation advised the United States Company of the payments it had made Cahill and claimed it was entitled to reimbursement from the United States Company, under the provisions of section 29 of the Workmen's Compensation Act [Callaghan's 1916 Stat. ¶ 5475(29)]. In March, 1914, the United States Company reimbursed the Employers' Corporation for the amounts they had paid out in behalf of the Ralph & Sumner Sollitt Company. Meanwhile, in February, Cahill had instituted his action at law against the Kelly-Atkinson Company.

It is claimed by complainant that Cahill, his employer and the third party (complainant) were all under the Workmen's Compensation Act and that therefore the circuit court was without jurisdiction of the subject-matter in the action at law and that under the provisions of section 29 of the Act [Callaghan's 1916 Stat. ¶ 5475(29)], Cahill had no claim against the complainant but was confined to a claim against his employer for the compensation provided for by the act and that the employer would then be subrogated to Cahill's rights as against the third person to the extent of the compensation paid; that Cahill had received compensation under the act from his employer and the latter had been fully reimbursed by the com-

plainant third party and that the trial court should therefore have granted the relief prayed for and enjoined the collection of the judgment.

It is conceded by the defendant that the record establishes that, at the time of the injury to Cahill, both his employer and complainant had elected to be bound by the act and were engaged in hazardous occupations, and it is further admitted that Cahill had not elected to reject the act, but assuming that to be true, it would not necessarily follow that the injuries to Cahill came within the provisions of the act or that he would not have a common-law right of action against the third party to recover the damages he had sustained. Although all parties were under the act, Cahill's rights arising out of his injuries, would not be governed by the terms of the act, unless, under all the circumstances surrounding the injury, it was one for which compensation would be legally payable under the act. There might be a number of situations which would prevent the application of the act to the rights and liabilities of the parties even though they were all operating under it. To make the terms of the act applicable, it would be necessary, not only that all parties be operating under the act, but that Cahill's injury was an accidental injury; that it arose out of and in the course of his employment; that the employment in which Cahill was employed at the time he was injured was not some nonhazardous branch of his employer's business; that the negligent acts of the third party which brought about the injury were not done in connection with some nonhazardous branch of the third party's business; and that Cahill was an employee within the meaning of the act and not a casual. The burden of establishing the existence of these facts was upon the complainant company which had filed its bill praying affirmative equitable relief alleging that the situation was such as to bring the rights and liabilities of the parties within the act.

Complainant's contention to the contrary is not tenable. The cases holding that the burden is upon an employer defending a claim brought under the act, who relies on an exception to take it out of the act, to plead and prove the exception, once it is proved that the occupations were hazardous, do not apply to the situation presented here. It has been expressly and repeatedly held that the burden of proof is on the claimant who seeks relief under the act asserting that it applies and that compensation is legally payable under its provisions. *Savoy Hotel Co. v. Industrial Board,* 279 Ill. 329; *International Harvester Co. v. Industrial Board,* 282 Ill. 489. The same rule applies to the third party who files such a bill as the one involved here, seeking affirmative equitable relief, alleging, as a basis for the relief claimed, that the act applies to the situation involved.

The record shows that the complainant failed to prove the things we have referred to as necessary to bring Cahill's claim within the act. There is no competent evidence of the circumstances of the occurrence in the record. Such circumstances could not be established by an investigator's written report to the insurance company or by a letter from the employer to the third party or the testimony of an investigator of the insurance company who was not present at the time of the occurrence.

There are not sufficient admissions in the defendant's answer, as complainant contends, to bring Cahill's claim within the act. It is admitted in the answer that Cahill was injured, "while performing his duties as an employee" of the Sollitt Company. That is not sufficient to bring his case within the act. In *Keeran v. Peoria, B. & C. Traction Co.,* 277 Ill. 413, it was alleged that the claimant was injured "while he was engaged in the line of his duty" for his employer. It was held that this allegation did not bring the case within the act, because it was not shown what

his duties were, or what he was doing, or how he was engaged at the time of his injury or whether he was engaged in the course of his employment, or whether he was engaged in the extrahazardous occupation of his employer or in some nonhazardous branch of the business. If it be taken that an admission that Cahill was injured "while performing his duties as an' employee" is sufficient to establish that he was injured "in the course of" his employment, it would still be necessary for complainant to establish that the injury arose "out of" his employment, in order to bring the case within the act. The words "in the course of" relate to the circumstances under which the accident takes place, while the words "out of" are descriptive of the character or quality of the accident. *Eugene Dietzen Co. v. Industrial Board*, 279 Ill. 11 [14 N. C. C. A. 125.] It is necessary to establish both propositions to bring the case within the terms of the act. The compensation provided for by the Workmen's Compensation Act does not apply to all accidental injuries which may be sustained by an employee "in the course of" his employment but only for such as arise "out of" the employment. There must be some causal relation between the employment and the injury. *Pekin Cooperage Co. v. Industrial Commission*, 285 Ill. 31. To bring this case within the act it was necessary for complainant to show what Cahill's employment was and also what he was doing at the time of his injury and establish that his injury arose out of his employment and was sustained in the course of that employment. This was not done.

It may be that Cahill was injured while engaged in some nonhazardous branch of his employer's business. If so, his claim was not within the act. *Sanitary District of Chicago v. Industrial Board*, 282 Ill. 182; *Vaughan's Seed Store v. Simonini*, 275 Ill. 477, 14 N. C. C. A. 1075. Or it may be that the negligent acts of the third party causing Cahill's injuries were

connected with a nonhazardous branch of the business of said third party and, if so, the case did not come within the act. *Klonowski v. Crescent Paper Box Mfg. Co.*, 217 Ill. App. 150.

To bring this case within the act, Cahill must be shown to have been an employee within the meaning of that term as used in the act, and not a casual. Such fact was not established by showing that he had worked for the Sollitt Company for a long time. *Aurora Brewing Co. v. Industrial Board*, 277 Ill. 142, 15 N. C. C. A. 802.

The record containing no competent evidence as to these matters, complainant failed to meet the burden it had of showing that the case came within the Workmen's Compensation Act, and it therefore failed to establish any ground for equitable relief on that basis.

It is clear that, notwithstanding the fact that all parties were operating under the act, if, for any of the reasons we have referred to, the circumstances surrounding Cahill's injury were such that the act did not apply, then he had a common-law right of action against complainant—the third party—and in that case the circuit court had full jurisdiction of the subject-matter. For the reasons we have pointed out, complainant has failed to establish by competent proof that such was not the case. This it was bound to do before it could establish any right to the equitable relief sought, on the ground that the judgment in the action at law was void for want of jurisdiction of the subject-matter.

In our opinion the situation is not changed by reason of the fact that Cahill actually received some payments from his employer in the form of compensation under the act. The act applies only when compensation is *legally payable* for the injury in question. The fact that it may actually be paid cannot affect the question of whether the circumstances of the injury are such as to bring it within the terms of the act.

This leads us to complainant's contention that it was a fraud upon the court on the part of both Cahill and his counsel to secure a judgment at law after he had accepted payments from his employer under the act and received a receipt in full for all damages occasioned by his injury and after Cahill had been advised by an investigator for the insurance company as to his rights under the act, as against his employer and also as against the third party. As to Cahill, we could not say that the trial court was not warranted, from the evidence in the record, in concluding that he had no knowledge either that he had no cause of action against complainant or that he had released it, if he had one. He was an uneducated laborer. The advice given him by the investigator as to his rights under the act was certainly erroneous. It would not be strange if Cahill, ignorant to begin with and ill-advised, would comprehend nothing whatever of the provisions of such a complicated statute as the Workmen's Compensation Act, over the meaning of which such learned counsel as represent the parties in the suit at bar do not agree. There is some evidence from which it might be inferred that Cahill thought the payments he received were gratuities from his employer as part of his wages for the time he was laid up. It was not shown that the so-called release he signed was ever approved by the Industrial Board, which the act requires before the release can be effective. As to his attorneys, as well as to Cahill, the question of their knowledge of the facts, relied upon to show Cahill had no cause of action, or had released it if he did have one, was the subject of conflicting evidence, and so far as it is concerned we cannot say the trial court erred in finding for the defendant.

Complainant further failed to establish, by competent evidence, any sufficient reason for its failure to defend the action at law, or to move to vacate it within the judgment term. If, in fact, Cahill had no

cause of action against complainant or having one had released it, complainant had a complete remedy at law in the action there brought. That complainant was duly served with summons in the law action is admitted. The trial court was warranted in concluding from the evidence that complainant neglected to send the summons to its insurer and for that reason no defense was made.

It follows from what we have already said that complainant has failed to establish that it was entitled to the equitable relief sought, on the ground that the judgment sought to be enjoined required a debt to be paid twice, as the complainant contends. Complainant had the burden of establishing that the circumstances of the injury were such as to bring the case within the act. This it failed to do. If the case was not within the act, Cahill had a common-law right of action against complainant and such payments as were made to him by his employer's insurer, as to which they were reimbursed by complainant's insurer, in no way took away such right of action.

For the reasons we have referred to, we are of the opinion that the trial court did not err in dismissing complainant's bill for want of equity and the decree of the circuit court is therefore affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE TAYLOR and MR. JUSTICE O'CONNOR concur.