(No. 14225.—Reversed and remanded.)

THE TAYLOR COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(W. E. PADGETT, Defendant in Error.)

*Opinion filed February 22, 1922.*

1. WORKMEN'S COMPENSATION—*objection that stenographic report was not filed in time cannot be first raised in Supreme Court.* An objection to the jurisdiction of the Industrial Commission on the ground that the stenographic report of the hearing before the arbitrator was not filed with the Industrial Commission in the time required by statute cannot be raised for the first time in the Supreme Court.

2. SAME—*what determines whether injury arises out of employment.* For an injury to arise out of the employment the accident must have had its origin in some risk in connection with the employment and there must be some causal relation between the employment and the injury, and while it is not necessary that the injury be one which ought to have been foreseen, it must be one which after the event may be seen to have had its origin in the nature of the employment.

3. SAME—*when injury resulting from quarrel arises out of employment.* An injury to a foreman who was shot by an employee with whom he had a quarrel in regard to his docking the employee as to his work arises out of and in the course of the employment of the foreman, and his employer is liable under the Compensation act.

4. SAME—*when question of constitutionality of Compensation, act cannot be raised.* Parties who appear before the Industrial Commission and present evidence on the merits of the case without objection, cannot thereafter, in the circuit court, question the jurisdiction of the commission on the ground that the Compensation act is unconstitutional.

5. SAME—*finding of permanent injury must be a legitimate conclusion from the competent evidence.* The evidence upon which the Industrial Commission bases its findings of a permanent injury should not be a mere conjecture or surmise but should be a legitimate conclusion from the competent evidence before it.

6. CONSTITUTIONAL LAW—*constitutional question is waived if not raised at earliest opportunity.* Any question as to the validity of a statute is waived by participating, without objection, in litigation which by fair inference acknowledges the validity of the act, and one who regards his constitutional right as invaded must raise his objection at the earliest opportunity or it is waived.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

DENISON & SPILLER, for plaintiff in error.

GEORGE R. STONE, and W. R. KEE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

W. E. Padgett, a married man forty years of age and having a wife and two children, both under sixteen years of age, was acting as top foreman at the mine of plaintiff in error on August 14, 1918, when he was shot and injured by an employee of plaintiff in error. Compensation was awarded Padgett by the arbitrator. That award was confirmed by the Industrial Commission and a judgment was entered by the circuit court sustaining the award, and the case has been brought here by writ of error for further review.

Notice of the decision of the arbitrator, dated February 26, 1920, was given to the parties by the commission. The petition for review was filed with the Industrial Com-

mission March 4, 1920, and a transcript of the evidence was filed with the commission June 26, 1920. The decision on review by the Industrial Commission was dated August 11, 1920, five extensions after that date being granted by the order of the Industrial Commission. The circuit court confirmed the finding of the Industrial Commission in June, 1921. It is argued that the record shows that no agreed statement of facts or stenographic report was filed with the commission within fifty days after the plaintiff in error received notice from the commission of the filing of the award, and that the stenographic report of additional proceedings before the commission on review was not filed within twenty days after the plaintiff in error received notice or within thirty days after such twenty days. Under the reasoning of this court in *O'Donnell Teaming Co.* v. *Industrial Com.* (*ante*, p. 479,) *Chicago-Sandoval Coal Co.* v. *Industrial Com.* (*ante*, p. 389,) and *Pocahontas Mining Co.* v. *Industrial Com.* (*ante*, p. 462,) defendant in error can not for the first time raise that question in this court.

It was stipulated in the case that the claimant earned $1248 yearly, or $24 per week, and that he and the coal company were operating under and subject to the provisions of the Workmen's Compensation act on August 14, 1918. It appears from the evidence that on that date Padgett was acting as top foreman of plaintiff in error at mine No. 5, which position he had held only four or five days, having been dock boss for some time previous to that; that on that date, between 11:30 and 12:00 o'clock, while he was on his way down from the tipple going to the office to eat his lunch, which he had with him, he met Mose Sweet, a miner, who was then going home. A dispute arose between them as to penalty on docking that had been imposed by Padgett upon Sweet as to his work some three weeks previous. It would appear that Sweet claimed that he had been wrongfully docked by Padgett for his work on the day in question. Following this statement there was some

discussion and dispute between them, and Padgett testified that he thought Sweet had a gun and was fearful he was going to be shot; that he struck Sweet and then turned and ran hurriedly towards the office, and Sweet shot him through the arm, just below the shoulder; that he had never known Sweet previous to this time. There was some testimony by other employees of plaintiff in error, but most of them agree that the dispute arose over the alleged action of Padgett in docking Sweet as to his work. There is also some evidence on the part of certain witnesses that Padgett had injured his arm and hand in previous fights with other persons before this trouble; that he had a stiff elbow as well as an injured knuckle, and that he had said at different times that his right arm was not as good as before he had these fights. Padgett admitted that he had injured a knuckle of the third finger of the right hand previous to this shooting. There was also some testimony on the part of one or two witnesses that Padgett hit Sweet with a black-jack or billy before Sweet shot him. The evidence showed that he was injured by a 38-caliber revolver bullet, and the Industrial Commission found that he had sustained a thirty-three and one-third per cent permanent loss of the use of his right arm.

Counsel for plaintiff in error argue that this accident did not arise out of and in the course of the employment. This court has had the question of disputes or fights between employees under discussion in several cases as to whether or not the injury arose out of and in the course of the employment, and all these decisions agree that the accident, to be within the Compensation act, must have had its origin in some risk in connection with the employment, and that no fixed rule to determine what is a risk of the employment can be established; that whether the injury arose out of the employment must depend on whether there was some causal relation between the employment and the injury, and while it is not necessary that the injury be one which ought

to have been foreseen or expected, it must be one which after the event may be seen to have had its origin in the nature of the employment. (*Swift & Co.* v. *Industrial Com.* 287 Ill. 564, and cases there cited. To the same effect see *City of Chicago* v. *Industrial Com.* 292 Ill. 406, and *Chicago, Rock Island and Pacific Railway Co.* v. *Industrial Com.* 288 id. 126.) We do not think there is any different conclusion reached in the reasoning of this court in *Marion County Coal Co.* v. *Industrial Com.* 292 Ill. 463. On the facts in this case, under these authorities, it seems clear that the dispute arose out of and in the course of the employment of Padgett, and that for the accident arising out of this dispute plaintiff in error was rightly held liable by the Industrial Commission.

Plaintiff in error argues that the Workmen's Compensation act is unconstitutional, and that therefore the Industrial Commission and the court had no authority to make the award in question in favor of Padgett. This court has frequently held that a person may waive the right to raise a constitutional objection for his personal benefit; that the right to question the validity of a statute may be waived either by act or omission. It may be by participating in litigation which by fair inference acknowledges the validity of the statute, or by a course of conduct which shows an intention to waive any question as to the validity of the statute, or where it would be unjust to others to permit objection afterward to be made. The general rule is, that it is the duty of a person, whenever he regards his constitutional right as invaded, to raise an objection at the earliest fair opportunity, and the failure to do so amounts to a waiver of the right. (See the reasoning of this court in *Shoal Creek Coal Co.* v. *Industrial Com.* 300 Ill. 551, *Chicago-Sandoval Coal Co.* v. *Industrial Com. supra,* and *Pocahontas Mining Co.* v. *Industrial Com. supra,* and authorities cited in those cases.) Plaintiff in error first raised the question as to the constitutionality of the Workmen's

Compensation act when the case reached the circuit court. Both parties appeared before the Industrial Commission and presented evidence on the merits without objection as to the jurisdiction, hence they cannot raise the constitutional question as to such jurisdiction.

The finding of the Industrial Commission was that Padgett has been permanently injured and the award was made in accordance with that view. We do not think the record shows, satisfactorily, that Padgett is permanently injured. Dr. Gardner testified that there was no permanent injury. Dr. Black testified that at the date of the hearing on review Padgett had a partial wrist drop and a partial paralysis of the extensor muscles of the forearm and that there was a lack of feeling in the arm; that he could not say whether the condition would improve or get worse in the future. There was some testimony to the effect that Padgett's right arm was normal except as to the finger on the right hand, the injury to which, the testimony tends to show, was the result of a prior injury. Padgett testified before the commission and showed his elbow and shoulder, stating that he had a wrist drop. Beyond doubt the evidence upon which the Industrial Commission bases its conclusion as to a permanent injury should not be a mere conjecture or surmise but should be a legitimate conclusion from the competent evidence before it. Under this rule the evidence does not support the finding that there was a permanent injury.

For the reason that the permanent character of the injury is not satisfactorily shown in the evidence the judgment of the circuit court will be reversed and the cause remanded to that court, with directions to set aside the finding of the Industrial Commission, and for such further proceedings as may be provided by statute.

*Reversed and remanded, with directions.*