Owen Anderson, Administrator of the Estate of Anton Sampo, Deceased, Appellee, v. Chicago, Burlington & Quincy Railroad Company, Appellant.

Gen. No. 7,827.

Opinion filed August 15, 1928.

J. A. CONNELL and BOYS & OSBORN, for appellant.

M. D. MORAHN, L. O. BROWNE and BUTTERS & BUTTERS, for appellee.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

Owen Anderson as administrator of the estate of Anton Sampo, deceased, recovered a judgment against the defendant railroad company for $2,000 and costs, because of personal injuries to said decedent.

No question is raised upon the pleadings or instructions to the jury, and there is but little controversy over the testimony. When the decedent received the injuries from which he died, he was an employee of the Marquette Cement Manufacturing Company. The important question in this case is whether the injuries received by him grew out of and in the course of his employment.

The accident occurred at Dickinson in LaSalle county at about 7:30 a. m. on June 26, 1921. At that time and for many years previous thereto, appellant operated a line of railroad from Streator to Denrock, passing through Dickinson, where the cement company

operates its plant. There is no town at Dickinson. The land on both sides of the railroad right of way is occupied by the cement company's buildings, mines, and other equipment. The railroad runs approximately east and west at that point between the Vermilion River on the south and a rocky bluff on the north. The cement company employed about 500 men, some of whom went to and from work by automobiles. In doing so, they passed through a gate on the highway north of the plant, from which a road led down the hill. Others were accustomed to riding on appellant's trains which carried coaches for that purpose. Still others used a bus which ran on the highway. The employer did not furnish any conveyance or pay transportation for any of its employees. The railroad company had no depot platform or special accommodation at Dickinson where it took on or let off passengers. Portions of some of the buildings of the cement company were located on the railroad company's right of way. Toward the east side of the plant, there was a stub or spur switch extending along the south side of the main track connected at the east end with the main track.

Appellee's intestate lived at Jonesville on appellant's railroad about two miles from Dickinson. He had been employed by the cement company since February, 1920. He was not required to use the railroad in going to or leaving his work. His brother, who was also employed at the cement company's plant and lived at Jonesville, sometimes went by train, sometimes by bus, and he sometimes walked.

The duties of appellant's intestate at the cement plant frequently required him to cross and to travel along appellant's tracks where they ran between the buildings of the cement company. Employees of the cement company were required to register the time of their coming to work and leaving by means of a time clock. They worked in 8-hour shifts. Sampo's time

of employment was from 11:15 p. m. to 7:15 a. m. each 24 hours. On the morning of the accident, he punched the time clock in the power house at 7:23 a. m. He started down the track toward a coach which was standing on the main line a short distance from the power house, with the intention of riding to his home in Jonesville. As he approached the coach, a car on the adjoining stub switch became derailed, while attached to a moving train on the switch, and one end of it swung around and struck him. His collar bone was broken and he was otherwise severely injured. He was taken to a hospital in LaSalle where he remained until August 8, 1921. He returned to work on September 12th following, and continued in his employment until January 21, 1922. On the latter date he was taken ill with pneumonia and died on the 27th of that month. That the pneumonia and resulting death were occasioned by the injuries received at the time of the accident is not questioned on this appeal.

From the time of the accident to Sampo until he returned to his employment in September following, his employer made certain payments to him for which he signed receipts reciting the payments were for compensation under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq*. Appellant claims that Sampo applied for compensation to his employer, but appellee insists that it was paid to him without his having applied therefor. No petition was filed with the industrial commission and appellee's intestate did not request appellant to file anything with the commission. After Sampo returned to work, appellant reimbursed the cement company for the amounts paid by it to Sampo, and also for the hospital bill, which had been paid by the cement company.

It is conceded that if Sampo's injuries arose out of and in the course of his employment, there can be no recovery in this action. Appellant contends that Sampo applied for and received compensation and

thereby admitted his injuries did so arise. In the particular work being done, appellant was engaged in intrastate commerce and was therefore operating under and governed by the provisions of the Workmen's Compensation Act. (*Goldsmith v. Payne,* 300 Ill. 119.) Sampo and the cement company were also operating under and governed by the provisions of the act. Section 29 of the act, Cahill's St. ch. 48, ¶ 229, provides that where an injury or death for which compensation is payable by the employer was not proximately caused by the negligence of the employer or his employees, but was caused under circumstances creating a liability for damages in some person other than the employer, such other person having elected to be bound by the act, or being bound thereby, then the right of the employee or the personal representative to recover against such other person shall be subrogated to his employer. Appellant claims the provisions of that section are controlling in this case and that if it is liable at all, its liability is to the cement company and not to appellee.

The Compensation Act governs where the employee's injury or death is the result of an occurrence, "for which compensation is payable by the employer." (*Keeran v. Peoria, Bloomington & Champaign Traction Co.,* 277 Ill. 413, 414.) Compensation is payable by the employer only when the injury or death arose out of and in the course of the employment. If the injury did not so arise, then the provisions of section 29 of the act are not applicable. (*Kelly-Atkinson Const. Co. v. Foreman Bros. Banking Co.,* 218 Ill. App. 345.) Whether Sampo's injuries arose out of and in the course of his employment, and not whether he made application for compensation, is the important factor to be determined. It was said in the *Foreman Bros.* case, *supra,* that "the situation is not changed by reason of the fact that Cahill actually received some payments from his employer, in the form of compensation

under the act. The act applies only when compensation is *legally payable* for the injury in question. The fact that it may actually be paid cannot affect the question of whether the circumstances of the injury are such as to bring it within the terms of the act.'' We think this doctrine is sound and is within the letter and spirit of the act.

The accident did not occur on the premises of the Marquette Cement Manufacturing Company. Sampo had departed from the place of his employment after checking out by the time clock and was upon the right of way of appellant on his road home. He was performing no errand or duty for his employer and was no longer engaged in its service; nor was the employer under any duty to protect or govern him.

It is urged by appellant that its tracks and property were so closely connected with the plant of the cement company at the place of the accident that they should be considered in fact a part of the plant. Some of the buildings were partially upon appellant's right of way, and a traveling crane or bridge extended across the tracks. It was necessary for employees of the cement company to cross and travel along the tracks in the performance of their duties, but we do not regard those circumstances sufficient to establish appellant's contention. Similar situations are not uncommon. Appellant is a common carrier. Trains were run on its line of railroad through Dickinson upon a regular schedule, and there is nothing to show that the cement company had any control of any part of appellant's tracks, or of any part of the right of way, except the ground leased for its purposes.

It is not claimed that Sampo was on any of such leased ground. He had left his employer's premises and was upon the right of way of appellant. His route was of his own choice. Where an employee, in going to or coming from his work, chooses a route more dangerous than that afforded to the public or

by his employer, or places himself in a dangerous place, where his employment does not necessarily carry him, and where he incurs a danger of his own choosing outside of the reasonable requirement of his employment, the risk arising from such act cannot be said to be incident to his employment. (*St. Louis & O'Fallon Coal Co. v. Industrial Commission*, 325 Ill. 574.)

It was held in *Wicks v. Cuneo-Henneberry Co.*, 319 Ill. 344, that where an employee was injured on her way to work by falling over a cellar door in a public sidewalk adjacent to her employer's building, the fact that she was on her way to work was unimportant. She was not on the premises where she was employed, and it was held that the accident did not arise out of or in the course of her employment.

Under the law as announced in these cases, we are of the opinion that the injuries to Sampo from the accident in question did not arise out of, or in the course of his employment.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Judgment affirmed.*