Joseph Ryan, Appellee, v. State Auto Parts Corporation, Appellant.

Gen. No. 33,758.

Opinion filed January 6, 1930,

Hector A. Brouillet and S. E. Weinshenker, for appellant; Clyde C. Fisher, of counsel.

Loesch, Scofield, Loesch & Richards, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Plaintiff, while upon the premises of the defendant, was injured by falling down an elevator shaft negligently left open and unguarded. He brought suit to recover damages and upon trial had a verdict for $5,000, upon which judgment was entered and from which defendant appeals.

The major point urged for ground for reversal is that plaintiff was at the time of the accident, November 12, 1926, in the employ of the Motor Transportation Company which, with the defendant, was under the Illinois Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, and therefore plaintiff was barred from prosecuting this action at law. It is also said that the damages are excessive, being in excess of the amount authorized by the Workmen's Compensation Act.

Whether or not the point is decisive depends on the status of plaintiff in the Motor Transportation Company. The business of this company is hauling material by truck, mostly building material. It operates between 60 and 65 trucks. Plaintiff was a stockholder and had been connected with it for about 15 years. He was its superintendent, secretary and purchasing agent; he bought all necessary motor parts, hired all of its employees, made charges for services, entered them on the books of the company and checked all bills. The bookkeeper made out all checks and signed them and plaintiff checked them over and, if correct, countersigned them. He drew a salary and received the same monthly by checks countersigned by himself. John A. Muldoon was president of the corporation and

both he and plaintiff signed contracts. Plaintiff did not drive any of the trucks, but was the executive officer of the company.

Plaintiff testified that he had learned that the defendant had some secondhand motor trucks for sale and he went to examine them with a view of buying them for the Motor Transportation Company. It was while on defendant's premises upon this errand that the accident happened.

Defendant quotes section 5 of the Workmen's Compensation Act of 1925, Cahill's St. ch. 48, ¶ 205, defining the term "employee" as "every person in the service of another under any contract of hire, express or implied, oral or written," etc. It is argued that this comprehends the plaintiff, who was under a contract of hire with the Motor Transportation Company and therefore plaintiff comes within the act.

We are not disposed to agree with this contention. The Workmen's Compensation Act contemplates the relation of master or employer, on the one hand, and servant or employee on the other. One who is an officer of a corporation, while acting as such, represents the corporation and his acts are the acts of the corporation. He makes the contracts of employment of the corporation with the employees, and it would be an obvious misnomer to call him an employee while so acting for the corporation. In Harper's Workmen's Compensation Act (2nd Ed.), page 202, section 106, it is said: "The law with reference to workmen's compensation contemplates two persons standing in the opposing relations of master and servant, employer and employee, plaintiff and defendant, or a person entitled to judgment or an award in his favor against another person obligated to pay it. The law does not contemplate the anomaly of one person occupying this dual relation and paying himself for injuries received, with the funds in which he has a joint interest.

"It is therefore generally held that executive officers of private corporations and members of partnerships are not entitled to compensation for injuries sustained in connection with the industry carried on by them, because a person cannot be at one and the same time employer and employee."

In *Cooper v. Industrial Acc. Comm. of California,* 177 Cal. 685, the court said of a similar situation: "The law relative to compensation as between master and servant, or employer and employee, for injuries suffered by the latter, contemplates two persons standing in this opposed relation and not in the anomaly of one person occupying the dual relation of master and servant, employer and employee, plaintiff and defendant."

In *Bowne v. Bowne Co.,* 221 N. Y. 28, the plaintiff was president of the defendant company and its principal active officer. He was injured while assisting employees of the corporation and presented a claim under the Workmen's Compensation Act. The intermediate courts allowed the claim, but the Court of Appeals reversed this finding, holding that the statute defining an employee did not justify the conclusion that the distinction between the higher executive officers of the corporation and its workmen was obliterated. In *Rockefeller v. Industrial Comm. of Utah,* 58 Utah 124, it has been held that partners are not employees within the provisions of the compensation act. To a like effect is *McMillen v. Industrial Commission,* 13 Ohio App. 310. In *Millers' Indemnity Underwriters v. Patten* (Tex. Civ. App.), 238 S. W. 240, attention was called to the Texas statute providing that officers and directors of a corporation are not deemed to be employees, but in the opinion it was stated that the relation of such officers to the corporation would fix their status as other than employees even if the legislature had not deemed it appropriate so to provide by statute.

In *Weiss v. Baker-Weiss Packing Box Co.*, 193 N. Y. S. 800, it was held that one, who was secretary and general manager of a company, was not entitled to compensation as an employee under the compensation act. Other similar cases might be cited.

The defendant cites a line of cases which, it argues, supports its theory that plaintiff comes under the compensation act, but these are cases where an executive officer of a corporation received injuries while doing work outside his duties as such officer, such as manual work of an ordinary employee. Such a case is *Dewey v. Dewey Fuel Co.*, 210 Mich. 370, where the plaintiff was president of the defendant corporation but was also employed and paid as a yardman and was doing the work of such employee, subject to the orders of the manager, when he was injured. So in *Eagleson v. Harry G. Preston Co.*, 265 Pa. St. 397, where the plaintiff, a director of defendant company, for which he received no salary, was also employed as a salesman, receiving compensation, and while in pursuit of his duties as salesman was injured. In this case the court particularly noted that it was not considering the case of a higher executive officer of a corporation claiming an award under the compensation act. *Hubbs v. Addison Electric Light & Power Co.*, 230 N. Y. 303, was a case where an officer was injured while engaged in manual labor as an ordinary employee and receiving a weekly wage as an employee. Also a similar case was *Matter of Skouitchi v. Chic Cloak & Suit Co.*, 230 N. Y. 296. Other like cases might be cited, in all of which the officer of the company was performing manual labor of an employee when he received the injuries for which compensation was allowed under the compensation act.

From a consideration of these and many other decided cases we hold that in the instant case plaintiff, while investigating trucks which defendant was offering for sale with a view of purchasing the same on be-

half of the Motor Transportation Company, was acting in his official capacity as the executive manager of his company, and that while injured in performing this duty he was not doing the work of an employee and hence would not come under the Workmen's Compensation Act.

Our holding, as above stated, is decisive of this case, but plaintiff argues another proposition which under the circumstances we do not think it necessary to discuss at length. Stated briefly, it is that the Motor Transportation Company was authorized by its charter to engage in the business of carriage by land; it was not authorized to engage in any other work; that the compensation act automatically applies to it and such of its employees as may sustain an accidental injury "arising out of and in the course of their respective employments," while engaged in a hazardous branch of their employers' business. Workmen's Compensation Act, section 3, Cahill's St. ch. 48, ¶ 202. In *Kelly-Atkinson Const. Co. v. Foreman Bros. Banking Co.*, 218 Ill. App. 345, it was held that to make the terms of the act applicable it would be necessary that the injury arose out of and in the course of the employee's employment and not out of and in the course of some nonhazardous branch of his employer's business. Other cases so holding are *Runge v. Chicago Junction Ry. Co.*, 226 Ill. App. 187; *Anderson v. Chicago, B. & Q. R. Co.*, 250 Ill. App. 92; *Board of Education of Chicago v. Industrial Commission*, 321 Ill. 23; *White Star Motor Coach Lines v. Industrial Commission*, 336 Ill. 117.

Plaintiff was injured because of an open elevator shaft on defendant's premises, where he was examining trucks with a view to purchasing them. While purchasing trucks would be comprehended in the business of the Motor Transportation Company, it cannot be said that this was a hazardous branch of his company's business. There is persuasive force in this point, but we prefer to rest our decision on the holding

first above stated, namely, that the relation of plaintiff to the Motor Transportation Company and the acci- dent in question does not come under the Workmen's Compensation Act. It follows, therefore, that he was entitled to prosecute his claim by an action at common law.

The judgment is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.