### BARNES et al. v. CHRYSLER COR-PORATION.

#### No. 44C661.

District Court, N. D. Illinois, E. D.

Jan. 25, 1946.

Landon L. Chapman, of Chicago, Ill., for plaintiffs.

J. Albert Woll, U. S. Atty. for the Northern District of Illinois, of Chicago, Ill., and Winston, Strawn & Shaw, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiffs, citizens of Illinois, are suing defendant corporation, created under the laws of Delaware, for assault and battery and for false imprisonment, and demand judgments in excess of $3,000.

Plaintiffs allege that they had been employees of defendant at its Chicago plant for varying periods prior to February 16, 1944. Plaintiffs Barnes and Evans further allege by affidavit that on February 16, 1944, they had been selected, at the instance of the defendant's superintendent, by certain employees to present grievances to the management of defendant corporation; and that thereafter, at about 1 p. m. on February 16, 1944, they were informed by defendant's superintendent that they were dis-·charged and should go to the assistant foreman's office to be cleared; and that on arriving in said office, they were imprisoned therein for several hours and suffered physical injury at the hands of plant guards or auxiliary military police. Plaintiff Sims alleges substantially the same facts, except as to being selected to present employees' grievances to the management.

Defendant denies the allegations of assault and battery and false imprisonment and states in substance that plaintiffs were discharged for inefficiency and insubordination on the job, and that the guards were summoned by defendant's supervisory employees who feared an outbreak of violence by the employees of certain departments whom plaintiffs, or some of them, were exciting by inflammatory speeches.

Defendant also pleads two affirmative defenses: (1) that since plaintiffs were engaged in a hazardous occupation within the scope of the Illinois Workmen's Compensation Act, Ill.Rev.Stat.1945, c. 48, § 138 et seq., the injuries complained of here, if true, are cognizable only under the Act and therefore this court has no jurisdiction of the subject matter; and (2) that if the alleged assaults were committed, they were committed by members of the auxiliary mil-

itary police, who were not employees of the defendant corporation. Wherefore, defendant moves for summary judgment.

 Jurisdictional Defense. The cases cited by defendant on this point involving deliberate infliction of injury involve co-workers or foremen, where it was held that the damages so suffered were compensable under the Workmen's Compensation Act, because the quarrel leading to the injury concerned the manner of doing the job or was otherwise related to the job and did not involve purely personal spite between the parties unconnected to the fact of working for a common employer. Pekin Cooperage Company v. The Industrial Commission, 285 Ill. 31, 120 N.E. 530; Franklin Coal & Coke Company v. The Industrial Commission, 322 Ill. 23, 152 N.E. 498; Chicago, Rock Island and Pacific Railroad Company v. The Industrial Commission, 288 Ill. 126, 123 N.E. 278, 10 A.L.R. 1170; Swift & Company v. The Industrial Commission, 287 Ill. 564, 122 N.E. 796; Taylor Coal Company v. The Industrial Commission, 301 Ill. 548, 134 N.E. 172. Implicit in the court's reasoning is the fact that normal human tension sometimes leads to physical violence, and that if it occurs in a job covered by the Act, it should be compensable under the Act. That is not the situation in the case at bar, where the dispute was between plaintiff employees and the corporate defendant acting through its supervisory employees and plant guards. This court cannot accept the full implication of defendant's argument—that to be imprisoned and beaten by company guards is a hazard of employment in Illinois.

Responsibility of Defendant for Acts of Guards. Defendant urges that, in any event, the plant guards are not company guards but are auxiliary military police, and that it is not responsible for any of their tortious acts. It cites National Labor Relations Board v. E. C. Atkins & Company, 7 Cir. 1945, 147 F.2d 730, where it was held that plant guards employed under the same agreement as in the case at bar were not employees of the company within the meaning of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. The court found that this guard force was created by the War Department under authority of an Executive Order of the President; that the fact that the corporation paid the guards was immaterial, since this was a prerequisite to engaging in war manufacture under government contract; that although applicants for guard positions were interviewed by defendant's personnel officer, they were not hired until approved by military authorities at the Security District Office of the War Department; that upon being hired, the guard took an oath of allegiance to the United States and became subject to military law and was in service with the Army of the United States; that a member of the guard could not be dismissed without approval of the District Plant Guard Officer; and that the corporation exercised no control over the guard. The court held that it was not necessary to determine whether members of the plant guard were technically employees of the federal government, but that they were representatives of the federal government for the duration of the war and engaged in a service necessary for its prosecution, and therefore they were not employees of the defendant within the meaning of the National Labor Relations Act. The court further held that the defendant was not required to bargain collectively with the union with respect to the plant guard.

Defendant also cites Dugas v. Nashua Manufacturing Company, D.C.N.H., 1945, 62 F.Supp. 846, as reaching the same conclusion. The suit was by ex-members of the plant guard to collect unpaid overtime compensation, liquidated damages, and attorney's fees, under the Fair Labor Standards Act, of 1938, 29 U.S.C.A. § 201 et seq. The defendant had arranged through the Police Commission of the City of Nashua to furnish armed guards for its premises, on the insistence of the federal government that the manufacture of war materials be provided armed protection, and promised to pay whatever expense was incurred. The Commission hired the guards and furnished their equipment, except uniforms, which the guards supplied. The Commission billed the company weekly for the protection rendered, plus the service charge. The only control asserted by the defendant was an occasional suggestion to the Commission concerning changes relating to the program

of protection. The court held that the Commission was an independent contractor and that plaintiffs were therefore not defendant's employees.

It does not seem that this case supports defendant in the instant case, particularly in view of the District Court's statement that the defendant, in the Dugas case had the guards "provided by an outside entity, and thereby (sought to) divest itself of all control and responsibility for the presence of armed men on its premises and the tortious consequences which might ensue." 62 F. Supp. at page 850.

In the instant case, the Agreement Between the United States of America and Plant Guard (Exhibit A) stated that the individual named therein was employed by the Chrysler Corporation, but undertook certain obligations to the United States of America as a consideration for such employment. The Circuit Court of Appeals for this Circuit held in the Atkins case that despite the Agreement, the degree of control exercised by the federal government and the necessity for uninterrupted service by the guards (which union membership and collective bargaining might disturb) were such that the guards were not to be regarded as the corporation's employees for purpose of the National Labor Relations Act.

The Chrysler Corporation did not hire protection from an outside entity; it hired (i. e. took applications from) guards, which applications were subject to veto by military authorities if applicants could not meet certain prescribed standards (e. g., security requirements established by military intelligence). In the performance of their duties, the guards were likewise subject to military rules (e. g., guard orders, for security reasons, and military law, for disciplinary reasons). The control thus exerted by the military authorities was for the protection of war industry; and the troubles normally arising from collective bargaining were sufficient ground for holding that, insofar as the National Labor Relations Act was concerned, guards are not employees of the corporation by whom they are paid. Logic does not require that they be likewise held to be representatives of the federal government, so as to relieve the corporation from liability for alleged brutality practiced by the guards in a labor dispute between the corporation and certain of its employees. It should be noted that the guards were not acting on their normal guard tours, but were summoned by defendant's supervisory employees when a dispute arose between the latter and the plaintiffs.

Plaintiffs are entitled to their day in court to establish, if they can, their allegations of assault and battery and false imprisonment.

The defendant's motion for summary judgment is denied.