(No. 13154.—Judgment reversed.)

THE CITY OF CHICAGO, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(BRIDGET GALLAGHER, Defendant in Error.)

*Opinion filed April 21, 1920.*

1. WORKMEN'S COMPENSATION—*accident must have its origin in some risk of the employment.* An accident, to be within the Compensation act, must have had its origin in some risk of the employment; but there is no fixed rule for determining what is a risk of the employment.

2. SAME—*when injury resulting from quarrel with another employee does not arise out of employment.* An injury to an employee in a fight with another employee, growing out of a quarrel about the employer's work in which the employees are engaged, arises out of the employment, but the mere fact that their association in the same work gives opportunity for an altercation is not sufficient to justify an award for the death of an employee from a blow struck by another employee because the former refused to let the latter drink from the former's can of water.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, and WILLIAM H. DEVENISH, City Attorney, (ROBERT H. FARRELL, of counsel,) for plaintiff in error.

JOSEPH P. MAHONEY, (W. P. QUINBY, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

John Gallagher, a laborer in the employ of the city of Chicago, was at work on August 3, 1917, loading sand from a freight car into wagons near the municipal pier. He got down from the car and went to a hydrant to get a can of drinking water, with which he returned to the car. A negro named Ramsey was working on an adjoining car and asked Gallagher for a drink, but Gallagher told him to get his own water. Ramsey called him a name and told him to climb on the car and he would knock his head. Gallagher said nothing, but after standing there for a few minutes climbed upon the car to go on with his work and Ramsey called him a name and struck him on the head with a shovel. Gallagher died as a result of the injury, and the Industrial Commission affirmed a decision of an arbitrator allowing compensation to his widow. The circuit court confirmed the decision of the Industrial Commission, and upon the petition of the city a writ of error was awarded to review the judgment of the circuit court.

The only question in the case is whether the accident arose out of the deceased's employment. The rule is that an accident to be within the Compensation act must have had its origin in some risk of the employment, but the cases are so various that it is impossible to establish a fixed rule for determining what is a risk of the employment. We have held that an injury to an employee in a fight with another employee growing out of a quarrel about the employer's work in which they were engaged arises out of the employment. In *Pekin Cooperage Co.* v. *Industrial Com.* 285 Ill. 31, we held that there must be some causal relation between the employment and the injury, and though it is not necessary that the injury be one which ought to have been foreseen or expected, it must be one which after the event may be seen to have had its origin in the nature of

the employment. The injury for which the claimant was held in that case to be entitled to compensation was received in a fight with another employee growing out of a quarrel in regard to the manner of doing their work, and it was held for this reason that it might be inferred that the injury arose out of the employment, because where men are working together at the same work differences may be expected to arise about the manner of doing the work, the use of tools, interference of the workmen with one another or other details. *Swift & Co.* v. *Industrial Com.* 287 Ill. 564, was also a case of an injury received in a fight between two employees. The decision holding that the dispute arose out of the employment and that the employer was liable for compensation was based upon the proposition that the altercation grew out of matters connected with the employee's work and was not purely a personal one entirely outside the scope of his employment. These cases were entirely different from the present case. The felonious assault which was made upon the deceased was without any excuse. It had no more connection with the work in which he was engaged than if Ramsey had been a loiterer on the street and had asked for a drink from Gallagher's can. There was no causal relation between the work and the assault. The affair was purely personal, with no reference to the employment. Ramsey and Gallagher happened to be at the same place because of their employment, but an injury done by one to the other on account of some purely personal grudge which this proximity gave an opportunity to inflict was not a result of the employment. There was no causal connection between the conditions under which the work was to be done and the injury. The injury was not incidental to the character of the business, but the deceased would have been equally exposed to it entirely apart from his employment.

The judgment will be reversed and the award set aside.

*Judgment reversed.*