(No. 14105.—Judgment affirmed.)

THE J. E. PORTER COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GEORGE W. YENTZER, Defendant in Error.)

*Opinion filed December 22, 1921—Rehearing denied Feb. 9, 1922.*

1. WORKMEN'S COMPENSATION—*employee may be under act of 1917 although not in hazardous employment when injured.* An employee is under the provisions of the Compensation act of 1917 although he is not engaged in a hazardous occupation at the time of his injury, where his employer is engaged in a hazardous business within the meaning of the act. (*McNaught* v. *Hines,* 300 Ill. 167, followed.)

2. SAME—*burden is on claimant to prove that injury arose out of employment—circumstantial evidence.* The burden is upon the applicant to sustain the award for compensation by competent evidence showing that the injury arose out of and in the course of the employment, and such proof may be established by circumstantial evidence.

3. SAME—*whether injury sustained on way to work arises out of employment depends upon the facts.* Whether one *en route* to his place of employment is in the line of his employment, in the sense that an injury received while so *en route* arises out of and in the course of that employment, depends upon the circumstances of each case and is largely a question of fact.

4. SAME—*general rule as to when injury is sustained in course of employment.* An accident, to be suffered in the course of employment, must happen in the doing of something which the employee may reasonably do at any time during which he is employed and at a place where he may reasonably be during that time to do that thing.

5. SAME—*when injury to traveling man arises out of and in the course of employment.* Where a traveling man is injured by an automobile while he is attempting to board a street car to go to his employer's factory to report his sales and receive instructions after returning from a trip his injury arises out of and in the course of his employment; and the fact that he stopped at his home for lunch before attempting to board the street car is not sufficient, of itself, to take the accident out of the provisions of the Compensation act.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

McDOUGALL, CHAPMAN & BAYNE, for plaintiff in error.

LESTER H. STRAWN, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

George W. Yentzer, defendant in error, was employed by plaintiff in error as a traveling salesman, and on October 13, 1917, was injured by an automobile while attempting to board a street car on his way to the office of plaintiff in error. The Industrial Commission, on application for compensation, awarded $171.50 for hospital and surgical services, $48 per month between October 20, 1917, and August 22, 1918, and a further sum of $48 per month for 26¼ months for sixty per cent loss of use of defendant in error's left leg. His salary for the year prior to the injury was $1800. The circuit court of LaSalle county confirmed the award, and the Porter Company brings the case here by writ of error.

Plaintiff in error urged before the circuit court, and urges here, the setting aside of the award on the ground that the work of defendant in error as a traveling salesman was such that he did not come under the provisions of the Compensation act, although it is admitted that his employer was engaged in a hazardous occupation; also that the injury did not arise out of and in the course of the employment.

The first contention of plaintiff in error was considered by this court in *Illinois Publishing and Printing Co.* v. *Industrial Com.* 299 Ill. 189, and *McNaught* v. *Hines,* 300 id. 167, where it was held that since the amendment of the Compensation act of 1917 no distinction exists between an employee doing extra-hazardous work and one whose work

is not extra-hazardous. Those cases are controlling here, and the first contention of plaintiff in error cannot obtain.

It is contended that the injury did not arise out of or in the course of the employment of defendant in error. The testimony of defendant in error is, that on October 13, 1917, he had been in Peoria and Streator, Illinois, on the business of his employer and arrived at Ottawa, his home, about 11:40 A. M. on an interurban electric car. As the car passed near to his house, in the southern part of the city, he stopped there for his lunch and then started to walk to the factory, which is in the northeast part of the city. He states that his purpose in going to the factory was to settle up for the week, turn in his expense account, collect his salary and get instructions for the following week. It appears that there is a bridge spanning the Illinois river between his home and the business section of the city; that this bridge is crossed by a street car track; that when he reached the middle of the bridge a street car came from the southeast, which he signaled to stop; that while this was not the usual stopping place the car did stop for him, and while crossing from the sidewalk to board the car he was struck by an automobile and seriously injured.

Plaintiff in error contends that the above facts, even if proven, do not show that the accident arose out of and in the course of the employment. There is no fixed rule for determining what in a given case constitutes a risk of the employment. The facts, however, must show that the accident in which the injury is received had its origin in some risk of the employment. (*City of Chicago* v. *Industrial Com.* 292 Ill. 406; *United Disposal and Recovery Co.* v. *Industrial Com.* 291 id. 480.) In the last case cited the general rule is laid down that "it is not sufficient that the injury occurs in the course of the employment; it must also arise out of the employment." The burden of proof is upon the applicant to sustain the award for compensation by competent evidence showing that the injury arose out of and in

the course of the employment. (*Hines* v. *Industrial Com.* 295 Ill. 231.) Such proof may be established by circumstantial evidence from which an inference can logically be drawn. (*Vulcan Detinning Co.* v. *Industrial Com.* 295 Ill. 141.) The testimony of the defendant in error tends to show that his services for the day had not closed; that by reason of his coming into the city from the south it was convenient for him to stop at his home for his mid-day lunch on his way to the factory rather than to secure it at some public eating house. It appears that the street car runs near his home in that portion of the city, extending across the city in the direction of the factory of plaintiff in error; that as soon as he had had his lunch he started for the office for the purpose of reporting sales, receiving instructions for the following week and receiving his salary.

Whether one *en route* to his place of employment is in the line of his employment, in the sense that an injury received while so *en route* arises out of and in the course of that employment, depends upon the circumstances of each case and is largely one of fact. (*Wabash Railway Co.* v. *Industrial Com.* 294 Ill. 119.) The rule is that the accident must be suffered in the course of the employment, in the doing of something which the employee may reasonably do at any time during which he is employed and at a place where he may reasonably be during that time to do that thing. (*Dietzen Co.* v. *Industrial Board,* 279 Ill. 11; *Central Garage* v. *Industrial Com.* 286 Ill. 291.) It was held in *Walsh Teaming Co.* v. *Industrial Com.* 290 Ill. 536, that the act of obtaining a receipt was in the line of the employment or an incident of the same, and that an injury received by an employee while engaged in securing the receipt arose out of and in the course of his employment. Here a fair construction of the employee's testimony is that his services for the week had not ended; that he was on his way to the factory to report his sales, receive instructions as to his duties for the next week and collect his salary.

We are of the opinion that such shows him to have been within the line of his employment. (*Schweiss* v. *Industrial Com.* 292 Ill. 90.) The fact that he found it convenient on his way to the office to get his lunch at his home and stopped there for that purpose is not sufficient, of itself, to take the accident out of the provisions of the Workmen's Compensation act. There was competent evidence in the record upon which to base the finding of the commission.

The judgment of the circuit court confirming the award is affirmed.

*Judgment affirmed.*