## WESTERDAHL v. STATE INS. FUND et al.

No. 3811.  Decided June 29, 1922.  (208 Pac. 494.)

MASTER AND SERVANT—SHOOTING OF EMPLOYÉ PURCHASING CIGAR DURING ROBBERY HELD NOT COMPENSABLE AS INJURY "ARISING OUT OF AND IN COURSE OF EMPLOYMENT." Death of a mine superintendent shot by bandits at midnight when he entered a store to purchase a cigar during the progress of a holdup *held* not compensable as an accidental "injury arising out of or in the course of employment" defined by Comp. Laws Utah 1917, § 3112, as amended by Laws Utah 1921, c. 67, § 1, to include an injury caused by the willful act of a third person directed against an employé because of his employment, the shooting having no causal connection with his employment, which required him to be ready at all times to answer calls to duty.

Proceeding under the Workmen's Compensation Act by Elizabeth Westerdahl to recover compensation for the death of her husband, John Westerdahl, employé, opposed by the Tintic Standard Mining Company, employer, and the State Insurance Fund. Compensation was denied, and claimant brings writ of review.

AFFIRMED.

*Dan B. Shields,* of Salt Lake City, for plaintiff.

*Harvey Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

FRICK, J.

The plaintiff, as the widow of one John Westerdahl, deceased, made application to the Industrial Commission, hereinafter called Commission, pursuant to the provisions of our Industrial Workmen's Compensation Act, for compensation as provided in said act. The Commission, after a hearing upon the merits, denied plaintiff's application. She applied for a rehearing, which was denied, and, in pursuance of the provisions of said act, she has caused the record of the proceedings had before the Commission to be certified to this court, and asks us to review said proceedings.

The principal grounds urged against the decision of the Commission are that "in making such decision said Industrial Commission exceeded its power and authority," and that the same "is arbitrary and against the law and the facts."

The facts are not in dispute, and are free from complication. After hearing the evidence a majority of the Commission found that the deceased, at the time of his death, was "regularly employed by the Tintic Standard Mining Company as mine superintendent"; that his "duties embraced the general supervision of the Tintic Standard Mine and all other property of the company at Dividend, Utah; that he had no regular hours of employment, but was required to be ready at all times to answer and perform any and all duties that might be required of him; that at 11:45 p. m. of March 9, 1921, he was killed by the willful act of a third person during the progress of a holdup in the store of J. H. Manson as he (Westerdahl) entered the store for the purpose of purchasing a cigar; that the gunshot which caused the death of John Westerdahl was not directed against him by the willful act of the bandit because of his employment; that at the time of the accidental injury, to wit, the gunshot wound, Westerdahl was not performing any service in the interest of his employer but was on a personal mission, to wit, the purchase of a cigar." After finding the salary that the deceased received for his services, and that no compensation had been paid to the plaintiff, and finding the other jurisdictional facts, the Commission found as conclusions of law that,

by reason of the foregoing facts, the death of the deceased was caused "by the willful act of a third person during the progress of a holdup," and that the act causing the death of the deceased "was not directed against him because of his employment." The Commission therefore denied plaintiff's application for compensation.

The evidence is clear, explicit, and beyond dispute that on the night the deceased was killed he had just entered the store of one J. H. Manson; that he went into the store to obtain a cigar for his own use; that as he entered the store a "holdup" was in progress, and that all of the men in the store at the time had, by the bandits, been ordered to raise their hands; that immediately after entering the store the deceased was also ordered to "throw up" his hands; that he did not fully realize or appreciate just what was going on, but apparently assumed that what the men were doing in the store was a "false" or "staged" holdup, and did not at once comply with the order to throw up his hands; that immediately afterwards the deceased, for some reason not made very clear, was shot and fatally wounded by one of the bandits, and at about the same time several others were also shot by some of the bandits. The evidence is also clear that the Tintic Standard Mining Company, the employer of the deceased, had no interest in the store or in its operation or maintenance, but the same was owned and operated by said J. H. Manson for his own use and benefit. The men working in the mine, including the deceased, would, however, frequently congregate in the store in the evening, as was done at the time in question. The deceased did not know that a crime was about to be or was being perpetrated, and he entered the store for the sole purpose indicated in the findings. It is therefore clear that the bandits were all strangers to the deceased, and, so far as the evidence disclosed, he had never seen any of them before, and had no trouble or altercation of any kind or nature with them or any of them.

The conclusion of the Commission is therefore irresistible that the act of the bandit who shot and killed the deceased

was not and could not have been directed against him "because of his employment."

Plaintiff's counsel, however, with much vigor contends that under our statute compensation is to be made in all cases where an employé sustains an injury by accident which arises "out of or in the course of employment." He insists that the deceased was injured in the course of his employment, and hence those who were dependent upon him at the time of his death for support, to wit, the plaintiff and her minor child, are entitled to be compensated under the provisions of our Workmen's Compensation Act. In making the foregoing contention counsel, it seems to us, entirely overlooks a very material provision of our statute. Comp. Laws Utah 1917, § 3112, as amended by chapter 67, Laws Utah 1921, clearly defines when a personal injury is compensable under the act in case the injury is caused by the willful act of a third person. Where an injury is caused by the willful act of a third person compensation can be awarded only in case the willful act causing the injury is "directed against an employé because of his employment." By keeping in mind the undisputed facts of this case, it seems very clear that the injury inflicted by the bandit upon the person of the deceased had no, and could have had no, connection with the employment of the deceased. The bandits and the deceased were total strangers, and never had come in contact with each other, and hence, so far as the evidence disclosed, the shooting had no causal connection with or relation to the deceased's employment. In order to recover for an accidental injury there must be some causal connection or relation between the act causing the injury and the employment or the duties of the injured employé.

This case falls squarely within the principle announced in the case of *Spring Canyon Coal Co.* v. *Ind. Com.*, 58 Utah, 608, 201 Pac. 173, and hence is controlled by the decision in that case. See, also, *Marion C. & C. Co.* v. *Ind. Com.*, 292 Ill. 463, 127 N. E. 84; *Chicago* v. *Ind. Com.*, 292 Ill. 406, 127 N. E. 49, 15 A. L. R. 586; *State* v. *District Court*, 140 Minn. 470, 169 N. W. 555, 15 A. L. R. 579. The three cases last

cited all relate to injuries inflicted by willful acts of third persons, and in all of them it is held that, under a statute less restrictive than ours, the injuries are not compensable within the purview of the Workmen's Compensation Act. This court has gone as far as any court in protecting employés and their dependents. To hold that injuries arising out of accidents like the one in question here are compensable under our Workmen's Compensation Act would require us to go far beyond both the letter and the spirit of our act. The law should be given a liberal construction and application in all cases where the accidental injury comes within the letter or spirit of the act. It should, however, not be construed and applied so as to authorize compensation for injuries which are not intended to be covered by the act.

But one conclusion is permissible, and that is that the decision of the Commission, in view of the undisputed facts, is clearly right, and it is therefore affirmed, with costs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.