(No. 15310.—Judgment reversed.)

THE TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JAMES CONNOLE, Defendant in Error.)

*Opinion filed June 20, 1923—Rehearing denied October 4, 1923.*

1. WORKMEN'S COMPENSATION—*when an accidental injury occurs in the course of employment.* An accidental injury, to be suffered in the course of employment, must happen in the doing of something which the employee may reasonably do at a time during which he is employed and at a place where he may reasonably be during that time to do that thing.

2. SAME—*when an accidental injury arises out of employment.* An accidental injury arises out of the employment when it results from a risk which may reasonably be seen to be incidental to the employment or which belongs to or is connected with the duties of the employee, but not when the employee is injured while engaged in a voluntary act not accepted by or known to his employer and outside the duties for which he is employed.

3. SAME—*when risk voluntarily assumed is not an incident of employment.* Where an employee chooses to go to a dangerous place where his employment does not necessarily carry him and incurs a danger of his own choosing altogether outside any reasonable requirement of his work, such work is not an incident to the employment.

4. SAME—*when injury to an employee on way to work does not arise out of employment.* Where a terminal railroad company furnishes a train to haul its employees to their work at a roundhouse and it is the custom of some of such employees to leave the train at a certain point and walk across the tracks of the employer and of other railroad companies, an injury suffered by one of such employees who attempted to crawl under a train standing on one of the tracks does not arise out of the employment but is an unnecessary risk voluntarily assumed.

DUNCAN, J., dissenting.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding.

KRAMER, KRAMER & CAMPBELL, and ROLAND H. WIECHERT, (T. M. PIERCE, and J. L. HOWELL, of counsel,) for plaintiff in error.

M. R. SULLIVAN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Madison county confirmed an award of the Industrial Commission to the defendant in error, James Connole, for an accidental injury received by him by reason of having his legs cut off by a moving train, under which he was crossing a railroad track while on his way to his employment.

The defendant in error lived at Venice and worked for the plaintiff in error at its roundhouse in Brooklyn, Illinois. The plaintiff in error provided passes for its employees, among whom was the defendant in error, by which such employees were furnished transportation from their homes to the roundhouse in which they worked, by means of what was known as "cab-trains." These trains carried no one as passengers except employees. On the morning of March 18, 1920, a cab-train was run by the plaintiff in error from the Union Station in St. Louis, Missouri, over the Merchants' bridge to Madison and from there to the Brooklyn shops at Brooklyn, Illinois. The defendant in error boarded this train at Venice and got off at what is known as the Southern railroad crossing at Brooklyn, where the train made the usual and customary stop for a railroad crossing. It had been customary for him and other employees to get off there. This custom had been in vogue for over two years, and there was evidence that the train crew on plaintiff in error's train knew that defendant in error and others had been in the habit of so doing. The Southern crossing is from 1200 to 1500 feet from the roundhouse. Between the crossing and the roundhouse are switch-tracks belonging to the plaintiff in error and other companies, paralleling the tracks of the plaintiff in error. After alighting and on starting east toward the roundhouse the defendant in error found a freight train standing on one of these side-tracks, obstructing his passage over that

track. Instead of waiting for the freight train to clear the crossing he attempted to go under this train. He got almost across the track when the train started up and cut off both legs below the knees.

When the defendant in error was on duty at the roundhouse his work consisted of cleaning the floors, sweeping the office and cleaning the bottoms of certain pits that became partially filled with sediment from the boilers as they were washed. The engines were brought there for light repairs after having been used in both interstate and intrastate commerce. There is no evidence showing or tending to show that at any time when the defendant in error was on duty he assisted in making repairs or did any work upon the engines or cars of the plaintiff in error.

Plaintiff in error seeks reversal of the judgment on two grounds: First, that the injury did not arise out of and in the course of the employment of the defendant in error; second, that defendant in error was operating under the Federal Employers' Liability act and not under the Compensation act, for the reason that he was engaged in interstate commerce.

An accident to be suffered in the course of employment must happen in the doing of something which the employee may reasonably do at a time during which he is employed and at a place where he may reasonably be during that time to do that thing. It may be said to arise out of the employment when it results from a risk which might reasonably be seen to have been incidental to the employment,— that is, belonging to or connected with the duties of the employee in fulfilling his contract of service. (*Porter Co.* v. *Industrial Com.* 301 Ill. 76; *Central Garage* v. *Industrial Com.* 286 id. 291; *Dietzen Co.* v. *Industrial Board,* 279 id. 11.) Where an employee is engaged in a voluntary act not accepted by or known to his employer and outside the duties for which he is employed, and is injured, it cannot be said that his injury arose out of his employment. (*Cen-*

*tral Garage* v. *Industrial Com. supra.*)   Where an employee
chooses to go to a dangerous place where his employment
does not necessarily carry him, and where he incurs a dan-
ger of his own choosing and one altogether outside any
reasonable requirement of his employment, it cannot be said
that such risk was an incident to his employment.   (*Nelson
Construction Co.* v. *Industrial Com.* 286 Ill. 632; *United
Disposal Co.* v. *Industrial Com.* 291 id. 480.)   In the case
last cited the employee was killed while going to his em-
ployment.   He chose a route not provided by his employer
but one which better suited his convenience.   It was held
that in so doing he voluntarily accepted unnecessary risks
and that the injury which he received did not arise out of
his employment.   In the case at bar Connole had been pro-
vided means of transportation to his place of employment.
He chose what was to him a more convenient route, and
in following that route he crawled under a train which he
knew was attached to an engine and *en route* to a desti-
nation further on.   In so doing he went into a dangerous
position unnecessary to his employment and assumed a risk
not incident thereto.   An employee cannot accept such un-
necessary risks and dangers without taking him outside the
scope of his employment.

The fact that the record shows that the engineer and
conductor knew that it was the custom of twelve or fifteen
employees, including Connole, to get off of the cab-train at
this point and cross over to their place of employment does
not prove knowledge of and acquiescence on the part of the
employer in a custom of crawling under a train that is apt
to be set in motion, in going to the place of employment.

We are of the opinion that the defendant in error, by
going into the unnecessarily dangerous position taken by
him, went without the scope of his employment and that
he is not entitled to compensation.   (*Weis Paper Mill Co.*
v. *Industrial Com.* 293 Ill. 284; *Nelson Construction Co.*
v. *Industrial Com. supra; Central Garage* v. *Industrial Com.*

*supra.*)   This being true, it becomes unnecessary to pass upon the question whether or not he was at the time of his injury engaged in interstate commerce.

For the reasons herein given the judgment of the circuit court is reversed.

                                                    *Judgment reversed.*

Mr. JUSTICE DUNCAN, dissenting.