**William F. Smith, Plaintiff in Error, v. City of Hamilton, Defendant in Error.**

**Gen. No. 7,635.**

1. WORKMEN'S COMPENSATION—*when applicability of act to injury sufficiently raised by plea.* Want of an allegation that the parties and the employer had elected to come under the Compensation Act, in an action against a city for damages for personal injuries sustained by an employee of an electric power company who fell through the opening left by the washing out of a bridge maintained by the city, does not make a special plea demurrable where the plea contains allegations bringing both parties and also the plaintiff's employer within the provisions of the Workmen's Compensation Act, sec. 3, Cahill's Ill. St. ch. 48, ¶ 202, as amended in 1919, making the act automatically applicable without any election to municipal corporations and all employers and their employees engaged in certain specified extrahazardous enterprises or businesses.

2. WORKMEN'S COMPENSATION—*sufficiency of plea to bring city within automatic application of act.* In an action against a city for damages for personal injuries sustained by an employee of an electric power company who drove into the opening left by the falling of a bridge maintained by the city, a special plea based on the provisions of the Workmen's Compensation Act, subrogating to the employer the right of action against a third person for

compensable injury sustained by an employee where all parties are bound by the act, brings the defendant city within the provisions of section 3, Cahill's Ill. St. ch. 48, ¶ 202, making the act automatically applicable without an election to be bound, where it alleges that defendant was engaged in the construction and repair of cement sidewalks, quarrying rock and operating an electrically operated rock crusher and the operation and maintenance of a municipally owned waterworks plant and system in the maintenance of which municipal ordinance regulations are imposed for the safeguarding of the employees and public, and alleges that plaintiff and his employer were bound by the act and that the injuries occurred in the course of and arose out of the employment.

3. WORKMEN'S COMPENSATION—*electric power company automatically bound by act.* A special plea, in an action by an employee of an electric power company against a city for damages for personal injuries sustained in falling through the opening left by a city bridge which had washed out, brings the plaintiff and his employer within the provisions of the Workmen's Compensation Act, sec. 3, Cahill's Ill. St. ch. 48, ¶ 202, making the act automatically applicable without election to employers and their employees engaged in certain specified extrahazardous enterprises, including electrical work, where it alleges that the power company maintains certain power lines carrying dangerous currents of electricity, that plaintiff was employed to repair broken lines wherever and whenever breaks might occur and that he was proceeding to the scene of a break to make necessary repairs when he was precipitated through the fallen bridge which had been washed away by an unprecedented flood.

4. WORKMEN'S COMPENSATION—*when injury brought within act by special plea.* An injury suffered by an employee of an electrical power company is shown to have been an accidental injury arising out of and in the course of his employment, within the meaning of the Workmen's Compensation Act, by a special plea, to his declaration against the city, which was charged with the maintenance of the bridge through which he fell and which had been washed away by an unprecedented flood, which alleges that the power company maintained certain high-voltage wires, that it was the duty of plaintiff to repair breaks therein at any time and place they might occur and that he was proceeding to the scene of a break to make necessary repairs in one of the wires at the time he received the injuries in suit.

Error by plaintiff to the Circuit Court of Hancock county; the Hon. GEORGE C. HILLYER, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed October 26, 1923.

SCOFIELD, CALIFF & BELL and HARTZELL, CAVANAGH, MARTIN & HARTZELL, for plaintiff in error.

PLANTZ & LAMET, WARREN H. ORR and JOHN E. WALL, for defendant in error.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

This case is brought to this court by a writ of error to review a judgment in bar of the action and for costs in an action of trespass on the case brought by William F. Smith, the plaintiff in error, against the City of Hamilton, the defendant in error, for damages for injuries alleged to have been received by the plaintiff in error on the 1st day of June, 1920, by reason of the fact that, while driving in an automobile over and along the public highway and street of the defendant in error, the plaintiff in error drove into an opening in the public street, at the place where such street was crossed by a stream or creek and over which there had, until a short time prior to this time, been a bridge, which bridge had fallen and had been carried away by the water in the stream, it being alleged that the falling of the bridge was caused by the negligence of the defendant in error.

The pleadings material for consideration in the decision of this case are the amended third and fourth pleas, and the demurrer to the same.

The third amended plea is in substance as follows: That the alleged injury of the plaintiff arose out of and in the course of his employment with the Mississippi River Power Company, a corporation, while the plaintiff, the power company, and the defendant were automatically operating under the Workmen's Compensation Act of the State of Illinois and not otherwise; that at the time of the alleged injury the plaintiff was in the employ of said power company, a corporation engaged in electrical work in the State of Illinois, in carrying on the business of supplying

electricity for power and lights to its patrons; and for such purpose maintained a power house near Hulls, Illinois, to which wires were strung which carried electricity to the patrons of said company, which electricity was of high voltage, and which said wires, if broken, were dangerous to human life; that the company provided the plaintiff, a servant in its employ, an automobile to be used in traveling to and from different places in Illinois for the purpose of repairing broken wires, which automobile was subject to municipal ordinance regulations in the City of Hamilton, and that the business in which said company was engaged was then and there extrahazardous; that the plaintiff, at the time of receiving the supposed injuries, was an employee of the company and was by the terms of his employment required to go as quickly as possible from the City of Hamilton to places where the wires of said company might be broken and to assist in repairing same; that the service of the plaintiff was dangerous and extrahazardous; that the plaintiff was required to operate and proceed in the nighttime in an automobile furnished him by the company, along dark and unlighted roads at the greatest speed possible, to where such wires were broken and repair and assist in repairing the same; that immediately preceding the injuries to the plaintiff a wire of the company near its power house at Hulls, Illinois, which wire was then charged with electricity, had become broken and the plaintiff was ordered by the said company to proceed to Hulls and repair the same; and that he was proceeding through the City of Hamilton along the public highway to said power house at a high and dangerous rate of speed, and in attempting to cross the bridge mentioned in his declaration was precipitated with his automobile into a creek, owing to the fact that said bridge, which constituted a part of said highway and which formerly spanned said creek, had been washed away by an unprecedented storm and rainfall, and plaintiff sus-

tained his alleged injuries; that therefore the defendant says that the injuries sustained by the plaintiff and for which he seeks damages arose out of and in the course of his employment with the company and not otherwise; that at the time of the happening of the alleged casualty to the plaintiff the defendant was engaged in maintaining a certain bridge constituting a part of the public highway mentioned in plaintiff's declaration, which bridge spanned a creek, the bed of which was more than twenty feet below the floor of said bridge, the traveled portion of which bridge was more than forty feet in length and ten feet in width and was supported by pillars sunk into the bed of said creek; that the creek, owing to an unprecedented rainfall, was filled with water, which flowed against said bridge and said pillars with great force and carried large quantities of tree stumps, wood and débris, which struck and beat against said bridge and pillars with great force so as to imperil the safety of said bridge and render the said highway dangerous to persons who might then and there be using the same for the purpose of travel; that immediately before the happening of the alleged casualty to the plaintiff the defendant was using all reasonable care to maintain said bridge, but that the force of the water carrying trees and débris caused said bridge to be washed away, and the plaintiff, while proceeding through the City of Hamilton to Hulls, was precipitated into the bed of said creek and received the alleged injuries set forth in his declaration; that the maintenance of said bridge at the time and in the manner aforesaid was an extrahazardous enterprise and undertaking; that at the time of the alleged casualty to the plaintiff the defendant was engaged in excavation work, in repairing and maintaining sewers, drains and water mains in and under the streets and sidewalks of said City of Hamilton, and was then and there engaged in the construction and repair of cement sidewalks, and in the quarrying of rock, and the operation of an elec-

trical rock crusher to provide materials for the construction and repair of city streets and sidewalks in said city and was also engaged in operating and maintaining a municipally owned waterworks plant with electrically driven pumps, machinery and appliances with a water tower of one-hundred feet in height, in the use in maintenance of which mains, sewers, drains, pumping plant, water tower and other appliances municipal ordinance regulations were then and are now imposed for the safeguarding of the employees and the public therein; that the occupations, businesses and enterprises in which the defendant was then and there engaged were extrahazardous; that by reason of the premises, the plaintiff, said power company and the defendant were at the time of the alleged casualty to the plaintiff operating under the terms and provisions of the Workmen's Compensation Act of the State of Illinois and the plaintiff became and is entitled to recover from the said power company compensation for his injuries under the terms and provisions of said Workmen's Compensation Act and not otherwise and is precluded from recovering of the defendant damages for such injuries.

The fourth amended plea sets up substantially the same matter in different language.

The court overruled demurrer to the third and fourth amended pleas, and the plaintiff in error electing to stand by his demurrer to said pleas, judgment was thereupon rendered by the court for the defendant in error in bar of the action and for costs.

It is first contended by plaintiff in error that it is not alleged in the pleas in question that either the employee, employer or the City of Hamilton had elected to come under the Workmen's Compensation Act.

There can be no question that if all three parties, the employer, employee and the defendant, were under the act and that the injury was an injury for which compensation might have been recovered under the act, that this suit will not lie. If they are not all un-

der the act then this suit will lie and if the allegations of the pleas do not show that they are all under the act then the demurrer to the pleas should have been sustained. (*Gones v. Fisher,* 286 Ill. 606; *Goldsmith v. Payne,* 300 Ill. 119.)

There is no allegation in the pleas that either of the parties had elected to come under the provisions of the act. The question is therefore whether or not the language used in the pleas is such as to show that they came automatically under the act.

Section 3 of the Workmen's Compensation Act, as amended in 1919 [Cahill's Ill. St. ch. 48, ¶ 202], provides as follows:

"The provisions of this Act hereinafter following shall apply automatically and without election to the State, county, city, town, township, incorporated village or school district, body politic or municipal corporation, and to all employers and all their employees, engaged in any department of the following enterprises or businesses which are declared to be extra hazardous, namely:

"1. The erection, maintaining, removing, remodeling, altering or demolishing of any structure, except as provided in sub-paragraph 8 of this section.

"2. Construction, excavating or electrical work, except as provided in sub-paragraph 8 of this section.

"3. Carriage by land or water and loading or unloading in connection therewith, including the distribution of any commodity by horse-drawn or motor driven vehicle where the employer employs more than three employees in the enterprise or business, except as provided in sub-paragraph 8 of this section.

"4. The operation of any warehouse or general or terminal storehouses.

"5. Mining, surface mining or quarrying.

"6. Any enterprise in which explosive materials are manufactured, handled or used in dangerous quantities.

"7. In any enterprise wherein molten metal, or explosive or injurious gases or vapors, or inflammable vapors or fluids, or corrosive acids are manufactured,

used, generated, stored or conveyed in dangerous quantities.

"8. In any enterprise in which statutory or municipal ordinance regulations are now or shall hereafter be imposed for the regulating, guarding, use or the placing of machinery or appliances or for the protection or safeguarding of the employees or the public therein; each of which occupations, enterprises or businesses are hereby declared to be extrahazardous; *Provided,* nothing contained herein shall be construed to apply to any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil, or stockraising, or to those who rent, demise or lease land for any such purposes, or to anyone in their employ or to any work done on a farm or county place, no matter what kind of work or service is being done or rendered."

It is claimed for plaintiff in error that the allegations of the pleas as to maintaining a structure, namely, the bridge in question, are not sufficient to show that the defendant in error was an employer under the Workmen's Compensation Act of Illinois.

In *People v. Muldoon,* 306 Ill. 234, it was said:

"It is the settled rule that words used in a statute are to be given their ordinary meaning in general and popular use unless the court is certain that it is following the legislative intent in giving them a different meaning. (*Way v. Way,* 64 Ill. 406; *Chudnovski v. Eckels,* 232 Ill. 312; *Culver v. Waters,* 248 Ill. 163.)"

In Webster's Standard Dictionary a "bridge" is defined to be:

"A structure, usually of wood, stone, brick, or iron, erected over a river or other watercourse, or over a ravine, railroad, etc., to make a continuous roadway from one bank to the other."

In the Century Dictionary it is defined:

"Any structure which spans a body of water, or a valley, road, or the like, and affords passage or conveyance."

The New International Dictionary definition is:

"A structure erected over a depression or an ob-

stacle, as over a river, chasm, roadway, railroad, etc., carrying a roadway for passengers, vehicles, etc."

It is to be noted that in each of these definitions a bridge is called a "structure."

The New International defines "structure": "Something constructed or built, as a building, a dam, a bridge." The Century's definition is: "That which is built or constructed; an edifice or a building of any kind; in the widest sense, any production or piece of work artifically built up, or composed of parts joined together in some definite manner."

In *McLaughlin v. Industrial Board*, 281 Ill. 100, it is said:

"There may be occasional structures required on the roads the building and repairing of which would be extrahazardous within the meaning of said act, such as the building of turn-bridges, or other bridges constructed at considerable height above streams or the surface of the earth. While that is true, it is also true that the building of small bridges and culverts, of all character and sizes, could not reasonably be said to be the building of dangerous structures or an extrahazardous occupation within the meaning of the statute."

It is evident that the pleader in his plea must set forth the size, character and surroundings of the bridge and the conditions under which it was being erected or maintained. The bridge is described in the plea as being:

"Of the length of forty-two feet, the floor thereof consisting of heavy timbers fourteen feet in length and fastened crosswise upon massive wooden girders, all supported by wooden posts embedded in the rock bottom of a creek, spanned by said bridge said posts extending for approximately a distance of fifteen feet from the said bottom of said creek to the floor of said bridge.

"And this defendant saith that said bridge drained a large territory and, at times, a large volume of water flowed under said bridge, at other times there was practically no water there, while after heavy

storms said creek was flooded, and immense quantities of floating timbers, logs, stumps and other débris carried by said floods were swept against said bridge with great force and momentum, and thus endangered the security of said structure, so that, by reason of the premises, this defendant saith that, in maintaining said bridge, at the place and in manner aforesaid, it was engaged in an extrahazardous enterprise and undertaking.''

The demurrer admitted the truth of all the allegations of the pleas properly pleaded and we are of the opinion that the court did not err in holding, if it did so hold, that in maintaining a bridge of the size and character of the one described in the pleas, under the situation and circumstances described in the pleas, it was engaged in an extrahazardous enterprise and undertaking and so automatically came under the Compensation Act.

In the view which we take of these pleas, however, it was not necessary for the court to hold that the bridge in question was a structure within the meaning of the act in order to overrule the demurrer to the pleas. The section of the statute upon which the plea is based is as follows [Cahill's Ill. St. ch. 48, ¶ 229]:

''Where an injury or death for which compensation is payable by the employer under this Act, was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, or being bound thereby under section three (3) of this Act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee.''

By statute the term ''person'' is made to extend and

apply to bodies politic and corporate as well as individuals. (Section 1, ch. 131, Rev. St.; Cahill's Ill. St. ch. 131, ¶ 1.) Upon the point in question, it was only necessary to determine whether or not the pleas taken as a whole stated sufficient facts to show that the City of Hamilton was a "person" (city) "bound thereby under section 3."

The plea in question alleged that the "City of Hamilton was also then and there engaged in the construction and repair of cement sidewalks, and in the quarrying of rock and the operation of an electrically driven rock crusher to provide materials for the construction and repair of city streets and sidewalks in said city; and was also then and there engaged in the business of operating and maintaining a municipally owned waterworks plant, with electrically driven pumps, machinery and appliances, with a water tower over one hundred feet in height, in the use and maintenance of which mains, sewers, drains, pumping plant, water tower and other appliances, municipal ordinance regulations were then and are now imposed for the safeguarding of the employees and the public therein."

This is not a claim by an employee of the city for compensation for injuries received while maintaining the bridge and the question whether such employees could obtain such compensation is not germane to the question at issue.

When all the allegations of each plea are considered together, we are of the opinion that the pleas each set forth sufficient facts to show that the City of Hamilton was a city which came automatically under the provisions of section 3 of the Act and that a suit for injuries growing out of its negligence could not be maintained against it for such injuries by an employee of another person who was bound by such act where the injury occurred in the course of the employment and arose out of it.

There can be no question but the Mississippi River

Power Company was automatically under the act and that therefore plaintiff in error was bound by the act. (*McNaught v. Hines,* 300 Ill. 167.)

It is claimed by plaintiff in error that the pleas do not show that the injury received by the plaintiff in error was an accidental injury sustained by him, arising out of and in the course of his employment by the Mississippi River Power Company. In *Terminal R. R. Ass'n v. Industrial Commission,* 309 Ill. 203, it was said:

"An accident to be suffered in the course of employment must happen in the doing of something which the employee may reasonably do at a time during which he is employed and at a place where he may reasonably be during that time to do that thing. It may be said to arise out of the employment when it results from a risk which might reasonably be seen to have been incidental to the employment,—that is, belonging to or connected with the duties of the employee in fulfilling his contract of service. (*Porter Co. v. Industrial Commission,* 301 Ill. 76; *Central Garage of LaSalle v. Industrial Commission,* 286 Ill. 291; *Eugene Dietzen Co. v. Industrial Board,* 279 Ill. 11.)"

In *Indian Hill Club v. Industrial Commission,* 309 Ill. 271, it was said:

"It is not essential to the right to receive compensation that the employee should have been working at the particular time when the injury was received. The employment is not limited to the exact moment when he begins work or when he quits work. (*Wabash Ry. Co. v. Industrial Commission,* 294 Ill. 119.) An injury accidentally received on the premises of the employer by an employee while going to or from his place of employment by a customary or permitted route, within a reasonable time before or after work, is received in the course of and arises out of the employment. (*Porter Co. v. Industrial Commission,* 301 Ill. 76; *Western Coal & Mining Co. v. Industrial Commission,* 296 Ill. 408; *Wabash Ry. Co. v. Industrial Commission, supra; Schweiss v. Industrial Commission,* 292 Ill. 90.)"

Applying these rules so recently stated, we must

hold that the facts set up in each plea sufficiently show that the injuries received by plaintiff in error occurred in the course of his employment and arose out of it.

Each plea set up a good defense to the cause of action stated in plaintiff in error's declaration and the court properly overruled the demurrer.

The judgment is affirmed.

*Affirmed.*